**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 20-23223-CIV-BLOOM**

DRAGAN JANICIJEVIC, on his own
behalf and on behalf of all other similarly
situated crew members working aboard
BAHAMAS PARADISE CRUISE LINE
vessels

      Plaintiff,

          v.

CLASSICA CRUISE OPERATOR, LTD.,
PARADISE CRUISE LINE OPERATOR
LTD. INC.,

      Defendants.
_____/

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS

Plaintiff is very proud to announce to this Court that the Parties have reached a Global settlement with Defendants – after many extensive Zoom and telephonic mediation sessions before nationally recognized mediator Rodney Max, Esq. – that will fully resolve this nationwide class action. As described below, the settlement is in all respects an excellent one considering the inherent risks of litigation. Under the settlement, the Defendants will create a fund of $875,000.00 to resolve this dispute which will be used to make cash payments to crew members for contractual wages and any amounts due for time worked without pay. Accordingly, Plaintiff requests entry of an Order granting preliminary approval of the class action settlement as set forth in the Parties' Class Action Settlement Agreement and Release (finding that the proposed settlement "falls within the range of reasonableness"), preliminarily certifying a nationwide class for settlement purposes, and approving notice to all Settlement Class Members for their comment. Defendants dispute the factual and legal claims made by Plaintiff, have agreed to the Settlement Class only, but disagree that the class could otherwise be certified. *See* Defendants' position on the lawsuit in the attached Class Action Settlement Agreement Settlement, which is incorporated and adopted herein as if set

forth in full for purposes of brevity. *See* **Exhibit 1**. Defendants do not oppose the relief sought herein based on the Settlement attached hereto. *Id.*

The Settlement's benefits were the result of rigorous, arm's-length negotiations by the Parties and their counsel under the direction of a distinguished mediator, Rodney Max, Esq. *See* Declaration of Rodney Max dated September 8, 2020 (hereinafter "Max. Decl.") (attached as **Exhibit 2**). Notice of this Settlement will be disseminated to Class Members via direct mail, email, and the establishment of a settlement website.

Undersigned counsel were well-positioned to evaluate and negotiate this Settlement because they have been investigating and litigating seafarer wage claims for many years. Indeed, Lipcon, Margulies, Alsina & Winkleman, P.A., are experienced and capable in the field of maritime claims for cruise ship passenger and crew member injuries and lost wages owed to crew members, including class actions, and have successfully represented claimants in other litigation of this nearly exact nature. Further, the Moskowitz Law Firm PLLC, is a preeminent class action law firm representing plaintiffs against insurance companies, mortgage companies, cruise lines, consumer product sellers, and spearheaded the litigation and resolution of over 30 nationwide class actions for homeowners against the major mortgage providers in the country.

Further, the informal discovery in this action included the production of financial data and Defendants' business practices. Despite that work, Plaintiff and the Settlement Class faced significant hurdles in litigating their claims to resolution, including potential arbitration. As such, and given the immediate and substantial benefits the Settlement will provide, there is no question that the Settlement is "within the range of reasonableness" and warrants preliminary approval.

## FACTUAL BACKGROUND

This Class Action lawsuit alleged Defendants' failure to abide its contractual agreements with its crewmembers. Plaintiff claimed that pursuant to Plaintiff's employment contract, Defendants are required to pay Plaintiff and the Class two months of wages and/or Basic Pay Severance upon Defendants terminating Plaintiff's employment contracts. When the COVID-19 pandemic halted all sailings, Plaintiff alleges that Defendants unilaterally terminated Plaintiff and the Class' employment contract, and forced all crewmembers aboard the ship to sign a document stating they were voluntarily staying onboard, without pay, violating their contracts. Plaintiff's claims also include the alleged failure to timely repatriate crew members. Plaintiff claims the crew were unnecessarily kept on the ships for months on end, many thousands of miles away from their

homes and families. The Defendants contest the factual and legal predicate for the Plaintiff's claims, assert that arbitration would be applicable and that a class would not be susceptible to certification. *See* Exhibit 1. Defendants have, however, agreed to resolve this case to avoid protracted and expensive litigation for settlement purposes only. *Id.*

Based on Plaintiff's counsel's previous experience in successfully litigating claims against cruise operators, the Parties agreed in August 2020 to commence an early mediation. The Parties retained Rodney Max, and began a series of telephonic mediation sessions, including an all-day, nine hour Zoom mediation session on August 18, 2020. The Parties could not reach a resolution at the August 18th session, but further discussions continued and resulted in the class action settlement.

The Parties fully resolved this matter, after days of discussions, and executed a Term Sheet on August 21, 2020. That same day, the Settling Parties announced their settlement and filed a joint motion to stay the case while the Settling Parties formalized their Agreement. (ECF No. 12.) Pursuant to the joint request to stay, the Court administratively closed this case on August 24, 2020 "without prejudice to the parties to file a settlement agreement for the Court's consideration and/or appropriate dismissal documentation." (ECF No. 13). The Parties subsequently finalized and executed the Agreement. A copy of the Agreement is attached as Exhibit 1.

1. **The Settlement Terms and Agreement**

   A. *The Proposed Settlement Class*

   all seafarer-employees who were employed, worked and were physically present on the Cruise Defendants' vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020. "Seafarer-employees" shall not include Cruise Defendants' corporate officers or corporate directors.

   B. *Monetary Relief*

   The Settlement Agreement affords members of the Settlement Class significant monetary relief. (Exhibit 1 at ¶ 2.45.) A settlement fund in the amount of $875,000.00 will be created to provide cash payments to Settlement Class Members for contractual wages and for time worked without pay. The Settlement Fund will be allocated as follows: first it will be used to pay any attorneys' fee and expense award to Co-Lead Class Counsel and any incentive award to Class Representative that are approved by this Court in accordance with the terms of the Settlement Agreement, and any and all administrative costs (the result is the "Net Settlement Fund"). The Net Settlement Fund will be divided and distributed as individual allocations to the Settlement Class

Members who do not opt out. If the Claims Received exceed the Net Settlement Fund, each Settlement Class Member shall have their amounts reduced pr*o rata.* Any remaining Net Settlement Funds that remain after final approval and distribution to valid and approved class members shall revert to Defendants.

### C. *Release of Claims against Defendants*

In exchange for the relief provided by the Settlement, members of the Settlement Class will release the Defendants, as well as all other entities included in the definition of "Released Parties" set forth in the Settlement Agreement (Exhibit 1 at ¶¶ 2.36 and 15), from:

> Cruise Defendants and any and all of their respective past, present and future parents, subsidiaries, affiliated companies, corporations, divisions, joint ventures, and entities in which Cruise Defendants have a controlling interest, and any and all of their respective past, present and future officers, directors, managers, general and limited partners, members, principals, insurers, insureds, employers, employees, consultants, independent contractors, shareholders, attorneys, advisors, predecessors, successors, associates, related entities, servants, assigns, representatives and agents.

### D. *Class Notice*

Class notice will be disseminated directly to Class Members via direct mail or email at the addresses provided by Defendants' employment records at their last-known mailing address in the forms attached to the Settlement Agreement as Exhibit 2 assuming it is approved by the Court. (*Id.* ¶¶ 2.27 and 7). The notice will be sent within thirty (30) days of the entry of the Preliminary Approval Order. (*Id.* ¶ 7.1). The Settlement Administrator will also establish a website on which Settlement Class members may review the Settlement Agreement and its exhibits, and for those Class Members who must file a claim, the ability to file a Claim Form online. (*Id.* ¶ 7.3.). Settlement Class Members may opt out or object by following the prescribed process. (*Id.* ¶ 10).

Due to the fact that there are less than 300 crew members in the Settlement Class, the Defendants, and the law firm of Foreman Friedman, P.A., will primarily administer the settlement in good faith, with the participation and oversight of Co-Lead Class Counsel. If Defendants' written or computer records conflict with information submitted by a claimant, counsel for both Parties shall in good faith attempt to resolve the conflict. If unable to do so, the dispute shall be

resolved by Rodney Max, Esq. or another mutually agreeable third party whose decision as to that claimant shall be final. The costs for such review shall be paid out of the Gross Settlement Fund.

### E.  *Class Counsel's Fees and Expenses and Named Plaintiff's Case Contribution Award*

The Parties stipulate in the Agreement that The Moskowitz Law Firm PLLC and Lipcon, Margulies, Alsina & Winkelman, P.A. will serve as Class Counsel. (*Id.* ¶ 2.7). Class Counsel's application for attorneys' fees and expenses for all of the various law firms involved shall not exceed 30% of the Settlement Fund, plus expenses. (*Id.* ¶ 17.1). Defendants will also pay the named Plaintiff a service award if approved by the Court not to exceed $5,000.00. (*Id.* ¶ 17.2) The Court may consider whether to approve these awards separate and apart from its analysis of the fairness, reasonableness, and adequacy of the settlement. (*Id.* ¶¶ 17.1, 17.2)

### G.  *Final Approval and Objections*

Class members may object to the settlement no later than ninety (90) days after the Preliminary Approval Order. (*Id.* ¶ 2.29.)  The Motion for Attorneys' Fees shall be filed within seventy-five (75) days after the Preliminary Approval Order (*id.* ¶ 17.1) and the Parties shall respond to any objections no later than 10 days prior to the Final Approval Hearing (*id.* ¶ 10.7).

## LEGAL ARGUMENT

### I. THE COURT SHOULD ENTER AN ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT.

Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length.  Settlements of complex cases contribute greatly to the efficient use of judicial resources, and achieve the speedy resolution of justice[.]" *Turner v. Gen. Elec. Co.*, 2006 WL 2620275, at *2 (M.D. Fla. Sept. 13, 2006). For these reasons, "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir.1992). "Approval of a class action settlement is a two-step process." *Fresco v. Auto Data Direct, Inc.*, No. 03-cv-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). Preliminary approval is the first step, requiring the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.* In the second step, after notice to the class and time and opportunity for absent class members to object or otherwise be

5

heard, the court considers whether to grant final approval. *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010).

Under Rule 23(e), in weighing a grant of preliminary approval, district courts must determine whether "giving notice is justified by the parties' showing that the court *will likely be able to*: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i–ii) (emphasis added). *Id*.

The amended Rule 23(e)(2) requires courts to consider whether:

(a) the class representatives and class counsel have adequately represented the class;

(b) the proposal was negotiated at arm's length;

(c) the relief provided for the class is adequate, taking into account:

    i. the costs, risks, and delay of trial and appeal;

    ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;

    iii. the terms of any proposed award of attorney's fees, including timing of payment; and

    iv. any agreement required to be identified under Rule 23(e)(3); and

(d) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019).

Further, the standard for preliminary approval of a class action settlement is not high—a proposed settlement should be preliminarily approved if it falls "within the range of possible approval" or if there is "probable cause" to notify the class of the proposed settlement and "to hold a full-scale hearing on its fairness[.]" *In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983) (citation omitted). Applying this standard and the new standard of Rule 23, this settlement is an excellent one by any measure and should be preliminarily approved.

### A. The Settlement Is the Product of Good Faith, Informed, and Arm's-Length Negotiations among Experienced Counsel.

At the preliminary approval stage, district courts consider whether the proposed settlement appears to be "'the result of informed, good-faith, arms'-length negotiation between the parties and their capable and experienced counsel' and not 'the result of collusion[.]'" *In re Checking*

*Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1341 (S.D. Fla. 2011). The settlement terms in this case are the product of significant give and take by the settling parties, and were negotiated at arm's length. The Parties participated in mediation sessions with Rodney Max, Esq., a well-respected mediator with significant experience resolving complex suits. Mr. Max and the Parties participated in mediation sessions in August 2020. (Max. Decl. ¶ 12). The very fact of Mr. Max's involvement weighs in favor of preliminary approval. *See, e.g., Lobatz v. U.S. In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 619-20 (E.D. La. 2006) (use of court-appointed special master to oversee mediation evidenced procedural fairness of negotiating process); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2338151, at *6 (S.D.N.Y. Oct. 18, 2004) (that "[a] respected and dedicated judicial officer presided over the lengthy discussions from which this settlement emerged" belied any suggestion of collusion); *Poertner v. The Gillette Co.,* 618 Fed. Appx. 624, 630 (11th Cir. 2015) (settlement achieved only after engaging in extensive arms-length negotiations moderated by an experienced mediator belies any suggestion of collusion).

The Parties' extensive negotiations were also informed by considerable investigation and informal discovery by Class Counsel. *See Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1316–17 (S.D. Fla. 2005) (approving settlement over objection and concluding that class counsel had sufficient information to evaluate fairness of the settlement based on informal discovery); *Francisco v. Numismatic Guaranty Corp. of Am.*, 2008 WL 649124, at *11 (S.D. Fla. Jan. 31, 2008) (same); *Cotton v. Hinton*, 559 F.2d 1326, 1332 (5th Cir.1977) (affirming that class counsel had sufficient information to evaluate the settlement despite "very little formal discovery [being] conducted and … no voluminous record in the case"); *In re Jiffy Lube Securities Litig.*, 927 F.2d 155 (4th Cir.1991) (affirming that plaintiffs were sufficiently informed about the strength of the case as a result of evidence obtained through informal discovery); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir.1998)) ("in the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement."). Documents were informally produced in this litigation and have been carefully reviewed by Class Counsel. In advance of and during the mediation, Defendants provided Plaintiff and Class Counsel with additional information concerning this Action.

### B. The Settlement Falls Squarely within the Range of Reasonableness.

As a result of this mediation process, the Settlement provides considerable monetary relief to the Settlement Class, and falls well within the range of possible approval. Under Rule 23(e)(2)(C), the relevant inquiry is whether the proposed settlement affords relief that "'falls within th[e] range of reasonableness, [and] not whether it is the most favorable possible result of litigation.'" *McWhorter v. Ocwen Loan Servicing, LLC*, 2019 WL 9171207 *10 (N.D. Ala. Aug. 1, 2019) (quoting *Lazy Oil Co. v. Witco Corp*., 95 F. Supp. 2d 290, 338 (W.D. Pa. 1997), *aff'd*, 166 F.3d 581 (3d Cir. 1999) (citation and internal quotation marks omitted)); *Grant*, 2019 WL 367648, at *6; *accord Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P*., 212 F.R.D. 400, 409–10 (E.D. Wis. 2002) (Because "[t]he determination of whether a settlement is reasonable is not susceptible to mathematical equation yielding a particularized sum … [,] [t]he mere possibility that the class might receive more if the case were fully litigated is not a good reason for disapproving the settlement.").

As described above, this Settlement provides cash payments to affected crew members which represent a significant percentage of the potential damages in this action. The Settlement is unquestionably within the range.

#### 1. Monetary Relief

The Settlement provides significant monetary benefits. All Settlement Class Members who make a claim are eligible for two types of payments. Wage Claim Type 1 claimants will receive payment of two (2) months crewmember wages at the rate of pay established by each Settlement Class Member's contract of employment in effect as of March 18, 2020 with the amount of the payment based on the salary listed on the employment contract for each Approved Claim. Wage Claim Type 2 claimants will receive a payment of $1,000.00 for each Approved Claim for any and all work performed on the Cruise Defendants' vessels during the Claims Period for each Approved Claim. (*Id*. ¶ 4.4). This represents almost a complete recovery for class members. Federal courts hold that settlements providing the class with a percentage of the recovery sought in litigation are reasonable in light of the attendant risks of litigation. *See, e.g., Johnson v. Brennan*, No. 10-cv-4712, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542-43 (S.D. Fla. 1988) (approving recovery of $.20 per share where desired recovery was $3.50 a share

because "the fact that a proposed settlement amounts to only a fraction of the possible recovery does not mean the settlement is inadequate or unfair"); *Fisher Bros., Inc. v. Mueller Brass Co.*, 630 F. Supp. 493, 499 (E.D. Pa. 1985) (approving settlement providing recovery of 0.2% of sales). "Moreover, when settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable[.]" *Johnson*, 2011 WL 4357376, at *12.

Plaintiff and the Settlement Class faced significant hurdles in litigating their claims to resolution, including overcoming Defendants' defenses, including potential dismissal of these claims in favor of arbitration. Each Class Member stands to recover a significant percentage of the amounts they would be entitled to as a result of the settlement. The Settlement's monetary recovery falls well within the range of reasonableness.

### C. The Settlement Saves Plaintiff and the Settlement Class from Considerable Litigation Hurdles.

Any evaluation of the settlement benefits must be tempered by the recognition that any compromise involves concessions by the Parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Civil Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) (citations omitted). Had litigation continued, Plaintiff and Settlement Class members would have risked not prevailing on their claims, or having to proceed in arbitration.

### D. Class Counsel Believes the Settlement Is Reasonable.

Significant weight should be attributed to the belief of experienced counsel that the negotiated settlement is in the best interest of the class. *See In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 666 (D. Minn. 1974) (recommendation of experienced counsel is entitled to great weight); *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) ("The views of the parties to the settlement must … be considered."). Class Counsel are experienced and capable in the field of maritime claims for cruise ship passenger and crewmember injuries and lost wages owed to crewmembers, including class actions, and have successfully represented claimants in other litigation of this nearly exact nature. Further, Class Counsel has also been appointed Lead or Co-Lead Class Counsel in dozens of class actions representing plaintiffs against insurance companies, mortgage companies, cruise lines, consumer product sellers, and spearheaded the litigation and resolution of over 30 nationwide class actions

for homeowners against the major mortgage providers in the country. Based on this experience, and decades more with class action lawsuits, it is Class Counsel's informed opinion that, given the uncertainty and expense of pursuing these claims through trial, the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

### E. No Additional Agreements Required to Be Identified.

The Parties represent that there are no agreements required to be identified under Rule 23(e)(3).

## II. THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS.

"It is well established that a class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654,659 (S.D. Fla. 2011) (brackets in original). "In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class," save manageability, "since the settlement, if approved, would obviate the need for a trial." *Id.*

### A. The Settlement Class Meets the Four Requirements of Rule 23(a).

The policies underlying the class action rule dictate that Rule 23(a) should be liberally construed. *See Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996). Plaintiff satisfies all four requirements of Rule 23 (a) as set forth below.

#### 1. The Settlement Class Is Sufficiently Numerous.

Rule 23(a)(1) requires Plaintiff to show that the proposed class is so numerous that joinder of all members would be impracticable. *See* Fed. R. Civ. P. 23(a)(1). "While there is no fixed rule, generally a class size [of] less than twenty-one is inadequate, while a class size of more than forty is adequate." *Williams*, 280 F.R.D. 665, 671-72 (S.D. Fla. 2012) (citing *Cheney v. Cyberguard Corp.,* 213 F.R.D. 484,489-90 (S.D. Fla. 2003)); *see, e.g., Anderson v. Bank of S., N.A.*, 118 F.R.D. 136, 145 (M.D. Fla. 1987) ("[T]he size of the class and geographic location of the would-be class members are relevant to any consideration of practicality."); *Checking Overdraft Litig.,* 275 F.R.D. at 671. The proposed class in this case, which includes hundreds of crewmembers, well exceeds the minimum threshold. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986). The numerosity requirement is satisfied here.

### 2. Questions of Law and Fact Are Common to All Settlement Class Members.

Rule 23(a)(2) requires class action plaintiffs to identify questions of law or fact common to the proposed class. *See* Fed. R. Civ. P. 23(a)(2). "The threshold for commonality is not high." *Cheney,* 213 F.R.D. at 490. Commonality requires a showing that the class members' claims "depend on a common contention" and that the class members have "suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "[F]or purposes of Rule 23(a)(2), even a single [common] question will do[,]" *id.* at 2556 (brackets in original), and "where a common scheme of conduct has been alleged, the commonality requirement should be satisfied." *Checking Overdraft,* 275 F.R.D. at 673-74.

Plaintiff's claims here depend on the common claims for damages under U.S. General Maritime Law and/or the Jones Act, 46 U.S.C. § 30104, the Seaman's Wage Act, (46 U.S.C. §10313, 46 U.S.C. § 10504), for breach of the Plaintiff and Settlement Class Members' employment contracts, for false imprisonment, and for negligent misrepresentation. All members of the putative class were injured if at all in the same manner. *See Williams,* 280 F.R.D. at 672 (finding commonality where "all members of the propose class were injured in the same manner, namely by being charged inflated premiums for the FPI"). Thus, while only one question of law *or* fact is required, many common questions capable of class-wide resolution arise here, including whether Defendants violated the above statutes, contracts, and common laws for all crew members These issues satisfy commonality. *See, e.g., id.* at 672 ("The determination of the truth or falsity of the Plaintiffs' allegations that Wells Fargo and QBE engaged in a scheme to force-place insurance with inflated and excessive premiums will resolve an issue that is central to the validity of each one of the claims in one stroke.").

### 3. Plaintiff's Claims Are Typical of Those of the Settlement Class.

Rule 23(a)(3) requires Plaintiff to demonstrate that his claims are typical of those held by the proposed class. *See* Fed. R. Civ. P. 23(a)(3). Typicality and commonality are related, with commonality referring to "the group characteristics of the class as a whole" and typicality focusing on the named plaintiff's claims in relation to the class. *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 n.23 (S.D. Fla. 2004). "Any atypicality or conflict between the named

11

Plaintiffs' claims and those of the class must be clear and must be such that the interests of the class are placed in significant jeopardy." *Cheney,* 213 F.R.D. at 491.

Plaintiff's claims in this case arise from the same alleged course of conduct and are based on the same legal theories as those brought on behalf of the proposed class. Plaintiff and every class member were not paid their contractual wages, or were forced to work without pay. As a result, Plaintiff and every other member of the proposed class were damaged if at all in the same way. Plaintiff and the class seek redress through common Federal statutory claims and breach of contract. All of these questions are common to the entire class.

### 4. Plaintiff and Their Counsel Are Adequate Representatives.

To satisfy Rule 23(a)(4), the representative parties must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied when the class representatives have (1) no interests antagonistic to the rest of the class and (2) counsel who are "qualified, experienced, and generally able to conduct the proposed litigation." *Cheney*, 213 F.R.D. at 495. "Adequate representation is presumed in the absence of contrary evidence." *Association for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 464 (S.D. Fla. 2002).

#### a. Plaintiff Does Not Have Interests Antagonistic to Settlement Class Members.

Adequacy exists where a class representative shares common interests with the class and seeks the same type of relief for himself and the settlement class members. *See Tefel v. Reno*, 972 F. Supp. 608, 617 (S.D. Fla. 1997); *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 600 (S.D. Fla. 1991). Here, Plaintiff has no interests antagonistic to those held by the Settlement Class. The class definition includes only those who were subject to Defendants' conduct. (Ex. A ¶ 2.43). All class members were treated in the same manner. (*Id.*) Thus, the critical issues in this case—the existence, implementation, and lawfulness of Defendants' conduct—are common issues. Plaintiff and absent class members share a common goal: to recover the amounts owed to them as a result of Defendants' conduct. Plaintiff has satisfied Rule 23(a)(4). *See Williams*, 280 F.R. D. at 673-74.

#### b. Settlement Class Counsel Are Qualified and Experienced.

The attorneys who seek to represent the Settlement Class in this case are highly qualified to serve as class counsel, have been investigating these claims for months, and have served as lead and co-lead counsel in some of the largest class actions in the country, as well as insurance-related complex cases. The law firms that Plaintiff seeks to name as Class Counsel in this action are Lipcon, Margulies, Alsina & Winkleman, P.A. and The Moskowitz Law Firm, PLLC. Class

Counsel has successfully prosecuted numerous maritime claims, insurance and consumer class actions and are well respected in the community that they serve. A copy of Class Counsels' Firm Resumes are attached hereto as **Composite Exhibit 3**.

### B. The Settlement Class Meets the Requirements of Rule 23(b)(3).

In addition to meeting the four requirements of Rule 23(a), a plaintiff seeking class certification must satisfy one subsection of Rule 23(b). *Cheney*, 213 F.R.D. at 489. Plaintiff here seeks certification under Rule 23(b)(3), under which certification is appropriate if (1) common questions of law or fact predominate over those affecting only individual class members and (2) class treatment is superior to other adjudication methods. *See* Fed. R. Civ. P. 23(b)(3). The latter question implicates manageability concerns, which do not bear on certification of a settlement class. *See Checking Account Overdraft Litig.*, 275 F.R.D. at 659.

Here, "irrespective of the individual issues which may arise, the focus of the litigation concerns the alleged common course of unfair conduct embodied in [Defendants'] scheme to" deprive the Settlement Class of its wages and other damages. *Id*. at 676. Proof of the scheme may be made by evidence that would remain the same regardless of class size or composition. Common issues would predominate over any individual issue.

Moreover, giving all class members the option to accept a comprehensive resolution of the their claims in this action or opt out of it would be far superior to litigating each of their claims separately, especially since the actual damage amounts for each individual class member are low *Williams*, 280 F.R.D. at 675. Accordingly, the Court should certify the proposed class.

### III. THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE.

Federal Rule of Civil Procedure 23(e)(1) provides that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Class notice should be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Parties' proposed notice plan readily meets this standard. The Settlement Agreement provides that the Settlement Administrator shall distribute class notice and claim forms by first-class mail in the form attached as Exhibit 2 to the Settlement Agreement to all identifiable class members no more than thirty (30) days after the Court enters the Preliminary Approval Order. (Ex. A ¶ 7.1). The Settlement also provides for an internet website through which Settlement Class

Members can acquire information, and allows those class members that have to file claims to submit claims online. (*Id.* ¶ 7.0.).

The notice itself also satisfies the requirements of the Federal Rules. It provides, among other things, a clear definition of the Settlement Class; a description of the underlying lawsuit and the material terms of the Settlement; instructions as to how Settlement Class members may make a claim and determine whether they are eligible to do so; an explanation of objection and opt-out rights and a date by which Settlement Class Members may opt out, and information regarding how to do so; instructions as to how to object to the Settlement and an objection deadline; the date on which the Court will hold a Final Approval Hearing; and the internet address and toll-free number from which class members may obtain additional information about the Settlement and its terms. (*Id.* at Ex. 2).

## IV. THE COURT SHOULD APPOINT THE UNDERSIGNED FIRMS AS CLASS COUNSEL.

The Parties have defined Class Counsel to include the undersigned law firms. (Ex. A ¶ 2.6). Plaintiff and the undersigned now move the Court to appoint these firms as Settlement Class Counsel. Undersigned counsel have significant experience litigating these cases, as well as other nationwide class actions.

## V. THE COURT SHOULD PRELIMINARY ENJOIN PARALLEL PROCEEDINGS.

Finally, the Court should enter an order preliminarily enjoining all Settlement Class Members who do not execute and timely file a Request for Exclusion from the Settlement Class from filing, prosecuting, maintaining or continuing litigation in federal or state court based on or related to the claims or facts alleged in the this Action. This type of injunctive relief is commonly granted in preliminary approvals of class action settlements pursuant to the All Writs Act.

The All Writs Act authorizes the Court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act empowers the Court to enjoin "conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to its natural conclusion." *In re Am. Online Spin-Off Accounts Litig.*, No. CV 03-6971-RSWL, 2005 WL 5747463, at *4 (C.D. Cal. May 9, 2005) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978)).

All individual actions that may be brought by Settlement Class Members who do not opt out should therefore be enjoined pending the Court's determination whether to finally approve the proposed Settlement. Accordingly, pursuant to its authority under the All-Writs Act, the Court should include in its order a preliminarily injunction against parallel proceedings pending the settlement approval process. *See, e.g., Shelby v. Two Jinns, Inc.*, No. 2:15-cv-03794-AB-GJS, 2017 WL 6347370, at *5 (C.D. Cal. Feb. 8, 2017) (entering an injunction against asserting released claims pending settlement approval and concluding that it is "necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. §1651(a)").

## VI. THE COURT SHOULD SCHEDULE A FINAL APPROVAL HEARING.

Should the Court grant this Motion, Plaintiff will file their motion for final approval of the settlement on a date set by the Court. Plaintiff requests that the Court schedule the Final Approval Hearing no less than 120 days after entry of the order preliminarily approving the settlement.

## CONCLUSION

The Court should enter an order granting preliminary approval of the settlement.

Respectfully submitted this 11th day of September, 2020.

> **By: /s/ Adam M. Moskowitz**
> Adam Moskowitz, Esq.
> Florida Bar No. 984280
> adam@moskowitz-law.com
> Howard M. Bushman, Esq.
> Florida Bar No. 0364230
> howard@moskowitz-law.com
> Joseph M. Kaye, Esq.
> Florida Bar No. 117520
> joseph@moskowitz-law.com
> **THE MOSKOWITZ LAW FIRM, PLLC**
> 2 Alhambra Plaza
> Suite 601
> Coral Gables, FL 33134
> Telephone: 305 740-1423
>
> -and-
>
>
> By:/s/ Michael Winkleman

15

>Michael A. Winkleman
>Florida Bar No. 36719
>mwinkleman@lipcon.com
>Daniel W. Grammes
>Florida Bar No. 1010507
>dgrammes@lipcon.com
>Andrew S. Freedman
>Florida Bar No. 091087
>afreedman@lipcon.com
>**Lipcon, Margulies, Alsina & Winkleman, P.A.**
>One Biscayne Tower, Suite 1776
>2 South Biscayne Boulevard
>Miami, Florida 33131
>Telephone No.: (305) 373-3016
>Facsimile No.: (305) 373-6204
>*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the 11th day of September, 2020 and served by the same means on all counsel of record.

>By: /s/ Adam Moskowitz