# Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into by and among Plaintiff, Dragan Janicijevic, the Settlement Class Members, and Defendants, Classica Cruise Operator, Ltd. and Paradise Cruise Line Operator Ltd.  (the "Cruise Defendants"). This Agreement is intended by the Parties to resolve, discharge, and settle this Action and the Released Claims with prejudice, upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court fully, finally, and forever.

## RECITALS

A.      WHEREAS, Plaintiff filed a putative class action complaint (the "Complaint") against Defendants in the United States District Court for the Southern District of Florida, captioned *Janicijevic v. Classica Cruise Operator, Ltd., et al.,* Case No. 20-cv-23223.

B.      WHEREAS, the Complaint alleged Jones Act negligence for failure to repatriate, violations of 46 U.S.C. §§ 10313, 10504, and 18 U.S.C. § 1595, breach of contract, negligent misrepresentation and false imprisonment.

C.      WHEREAS, Plaintiff believes that the wage claims asserted in the Action have merit. Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against the Cruise Defendants through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have considered the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions. Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed  with confirmatory discovery, Plaintiff and Plaintiff's counsel have concluded that

the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

D.     WHEREAS, the Cruise Defendants deny any wrongdoing whatsoever. Specifically, the Cruise Defendants deny all of Plaintiff's allegations asserted in the Complaint, which were made individually and on behalf of the putative class, and further deny any and all liability to anyone, including, but not limited to, Plaintiff, the putative class, the Settlement Class, or any other person, based upon, arising out of, relating to, or otherwise in connection with the allegations asserted in the Complaint. [DE 1]. Therefore, the Cruise Defendants maintain that Plaintiff, Settlement Class Members and any opt out individuals or any employees are not entitled to any relief set forth in the Complaint in this Action. The Cruise Defendants further contend that the allegations in the Complaint are not amenable to class certification, that Plaintiff would not have survived dismissal and/or summary judgment on these claims and even if the Court denied dismissal and/or summary judgment, which is unlikely, the Cruise Defendants would have prevailed at trial on all of the issues raised in the Complaint. *Id.* Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Cruise Defendants have agreed to enter into this Agreement, subject to Court approval. However, solely for the purposes of avoiding the expense and inconvenience of further litigation, the Cruise Defendants do not oppose the certification of a Settlement Class for the purposes of this Settlement only. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would the Cruise Defendants be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement and Release is not finalized or finally approved for any reason. If the Settlement

Agreement and Release is not finally approved by the Court for any reason whatsoever, certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action or any other judicial proceeding. No agreements made by or entered into by the Cruise Defendants in connection with the Settlement Agreement and Release may be used by Plaintiff, any Settlement Class Member, or any other person to establish any of the elements of class certification in any certification proceedings, whether in this Action or any other judicial proceedings. If the Settlement is not granted final approval, the Parties will go back to status quo as of August 20, 2020.

E.      WHEREAS, Plaintiff and the Cruise Defendants recently participated in a full-day mediation session in Miami, Florida on August 18, 2020, with the assistance of Rodney Max, Esq. While that mediation session did not result in a settlement on that day, the Parties, with the assistance of the mediator, continued to pursue subsequent, good-faith, arms-length settlement negotiations and confirmatory discovery was provided that resulted in an agreement on the material terms of this Settlement Agreement and Release.

F.      WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Settlement Agreement and Release constitutes the settlement and compromise of any and all disputed allegations, facts, and claims alleged or that could have been alleged in this Action. The Parties further understand, acknowledge, and agree that this Settlement Agreement and Release, including all terms hereof, shall not be admissible as evidence against any of the Parties in any other proceeding whatsoever except to enforce the terms of this Settlement Agreement and Release. The Parties further understand, acknowledge, and agree that this Settlement Agreement and Release is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement and Release. The Parties desire and intend to effect a full, complete, and

final settlement and resolution of any and all existing disputes and claims based upon, arising out of, related to, or otherwise in connection with all of the allegations in this Action as set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class Members, Cruise Defendants, and the Class Representative, that subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement and Release or as otherwise provided by the Court, and in consideration of the benefits flowing to the Parties from the Settlement Agreement and Release set forth herein, the Action and the Released Claims shall be fully, finally, and forever compromised, resolved, discharged, settled and released and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## **AGREEMENT**

### 1.0    INCORPORATION OF RECITALS

All of the aforementioned recitals are incorporated into and deemed a part of this Settlement Agreement and Release, and all of the capitalized terms referenced in the recitals above shall have the same meaning and effect as those set forth below in the Settlement Agreement and Release.

### 2.0    DEFINITIONS

As used in this Settlement Agreement and Release and the exhibits attached hereto, the following terms shall have the meanings specified below.

**2.1.**    **"Action"** means the matter of *Janicijevic v. Classica Cruise Operator, Ltd., et al.*, Case Number 20-cv-23223, currently pending in the United States District Court for the Southern District of Florida and assigned to the Honorable Beth Bloom.

**2.2.** **"Agreement"** or **"Settlement Agreement and Release"** means this Settlement Agreement and Release between the Parties and the Settlement Class and each and every exhibit attached hereto.

**2.3.** **"Approved Claim or Claims"** means the timely proof of claim form postmarked to the settlement post office box or emailed to the Settlement Website by a Settlement Class Member on or before the Claims Deadline, which contains all of the following information requested on the proof of claim form under penalty of perjury: (a) the claimant's full name and crewmember identification number, (b) C1-D visa, passport number and nationality, (c) permanent residence address (and such address the Settlement Class Member may designate for mailing of any settlement proceeds), (d) permanent telephone number and email address, (e) the name of the vessels on which the Settlement Class Member worked during the Class Period, (f) the specific dates the Settlement Class member served on each vessel during the Claims Period, (g) the Settlement Class Member's job title during the Claims Period, (h) the dates the Settlement Class member claims he/she worked on the vessels without pay during the Class Period, (i) the date of the commencement of the Settlement Class Member's contract during the Claims Period, (j) the date of sign-off for the contract and in which U.S. port, and (k) the Settlement Class Member's monthly wages, including reasonably anticipated tips. Each proof of claim form must be signed and dated by the Settlement Class Member either in handwriting on the paper claim form and mailed to the post office box on the settlement claim form or digitally signed and emailed to the email address on the Settlement Website. Additionally, there can only be one Approved Claim per Settlement Class Member. All proof of claim forms submitted by Settlement Class Members that do not have all of the above-referenced required information (after the claimant has been provided one (1) opportunity to cure by completing and/or correcting missing information and/or the jurat),

have been submitted more than once or are not submitted by a verified Settlement Class Member shall be deemed invalid. Claims shall be approved if the proof of claim form submitted by the Settlement Class Member (a) does not appear to be fraudulent (b) is verified by the Settlement Administrator pursuant to Section 11 and (c) is dated on or before the Claims Deadline, i.e., post-marked by the Claims Deadline or electronically submitted with a date stamp by no later than midnight on the day of the Claims Deadline.

2.4     **"Attorneys' Fees and Costs"** means all fees, costs, and expenses to be awarded to Class Counsel as per Section 17 of this Agreement pursuant to the Fee and Cost Application. The Attorney's Fees and Costs shall be paid exclusively from the Gross Settlement Fund.

2.5     **"CAFA Notice"** means the notice contemplated by the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to Section 7.4 of this Agreement.

2.6     **"Claims Administrator"** shall mean jointly Class Counsel and Cruise Defendants' counsel. In the event Class Counsel and Cruise Defendants' Counsel cannot agree as to any aspect of the claims process or claims documentation, the matter shall be referred to Rodney Max, Esq. or another mutually agreed upon neutral decision-maker for final decision. In the event the Cruise Defendants reject any claim and Class Counsel challenges the rejection of that claim within fourteen (14) days of notification, Cruise Defendants shall submit said claim to Rodney Max, Esq. or a mutually acceptable neutral third party who shall determine whether the claim is valid. The decision of Rodney Max, Esq., or the mutually agreeable neutral third party in this respect shall be final and binding on all Parties. All fees charged by Rodney Max, Esq., or the neutral third party referenced in this paragraph or elsewhere in this Agreement, shall be paid from the Gross Settlement Fund. In the event the Parties cannot agree upon a mutually acceptable neutral third

party, Rodney Max, Esq. shall serve in that role by default. All claims forms received shall be jointly available to representatives of Class Counsel and Cruise Defendants' Counsel.

      **2.7**     **"Class Counsel"** means:

> Adam Moskowitz, Esq.
> THE MOSKOWITZ LAW FIRM
> 2 Alhambra Plaza, Suite 601
> Coral Gables, FL 33134
>
> and
>
> Michael Winkelman, Esq.
> LIPCON, MARGULIES, ALSINA & WINKELMAN, P.A.
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, FL 33133

      **2.8**     **"Claims Deadline"** shall mean ninety (90) days from the date claim forms are mailed. Absent the express written agreement of both Cruise Defendants and Plaintiff to extend or waive the Claims Deadline as to any claim, the Claims Deadline shall be binding and final on all class members.[1]

      **2.9**     **"Class Notice"** means any type of notice that has been, or will be, provided to the Settlement Class pursuant to this Settlement Agreement and Release and any additional notice that might be ordered by the Court.

      **2.10**     **"Class Period"** means the time period between March 18, 2020 to August 20, 2020.

      **2.11**     **"Class Representative"** or **"Plaintiff"** means Dragan Janicijevic.

---

[1] If any of the dates set forth herein fall on a weekend, the operative date shall be deemed to fall on the next business day.

**2.12** **"Court"** or **"District Court"** means the United States District Court for the Southern District of Florida and United States District Judge Beth Bloom, to whom the Action was assigned, or any successor judge in this Action.

**2.13** **"Cruise Defendants"** means Classica Cruise Operator Ltd. and Paradise Cruise Line Operator Ltd. and any and all of their present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which the Cruise Defendants have a controlling interest, and any and all of their officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action). Plaintiff shall amend the current Complaint [DE 1] in the above-referenced matter to reflect these Defendants.

**2.14** **"Cruise Defendants' Counsel"** means:

> **Classica Cruise Operator, Ltd. and**
> **Paradise Cruise Line Operator Ltd. Inc., by counsel**
>
> Catherine J. MacIvor, Esq.
> FOREMAN FRIEDMAN, PA
> One Biscayne Tower, Suite 2300
> 2 South Biscayne Boulevard
> Miami, Florida 33131

**2.15** **Cruise Defendants' Objections.** The Cruise Defendants shall have the right to object[2] to any potential claim made by a Settlement Class Member as follows: (a) any and all unpaid wage claims submitted by each Settlement Class Member who was not employed and physically present on the Cruise Defendants' vessels *Grand Classic* and *Grand Celebration* anytime from March 18 2020 until August 20, 2020; (b) claim forms that are not signed, (c) claim

---

[2] In this Agreement, the words "object" and "challenge" shall have the same intent, meaning and effect.

forms that are not dated; (d) claim forms submitted by Settlement Class Members who do not declare under penalty of perjury all of the information set forth in Section 2.3 – Approved Claim is true and correct; (e) any objective and reasonable indicia of fraud, including but not limited to, for example, multiple claims filed by the same Settlement Class Member, use of a false or fictitious name and/or address of the  person submitting the proof of claim form, etc., and (f) any false statements. Once the objection is resolved by the Parties, the mediator or the Court, it is an Approved Claim that will be paid from the Net Settlement Fund.

2.16    **"Effective Date"** means the last date by which all of the following events have occurred: (i) the Court entering the Final Approval Order and Judgment; and (ii) the expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment or denying jurisdiction of an appeal, and all appeals have been exhausted; and (iii) the Final Approval Order and Judgment has become Final.

2.17    **"Employment Records"** means the employment records in the Cruise Defendants' possession that shall be used for direct notice and to verify Settlement Class Members' proof of claim forms.

2.18    **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

2.19    **"Fee and Cost Application"** means that written motion or application, if any, pursuant to which Plaintiff or Class Counsel request the Court award Attorneys' Fees and Costs and the Incentive Award.

**2.20** **"Final"** means the Final Approval Order and Judgment has been entered in the Action and one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; (ii) if there is an appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion of such appeal or appeals in a manner that finally affirms and leaves in place the Final Approval Order and Judgment; or (iii) the Court, following the resolution of any appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, enters a further order or orders approving the Settlement without material modification of the terms set forth herein, and no further appeal is taken from such order(s) or, in the event any further appeal is taken from such order(s), any such appeal results in the affirmation of such order(s). Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

**2.21** **"Final Approval Hearing"** means the hearing held by the Court, intended to take place no sooner than one hundred and twenty (120) days after the granting of the Motion for Preliminary Approval, at which time: (i) the Parties shall request and the Court shall consider final approval of the Settlement, final certification of the Settlement Class, and entry of the Final Approval Order and Judgment; (ii) the Court shall consider any timely objection to this Settlement and all responses thereto; (iii) the Court shall consider the Fee and Cost Application; and (iv) the Court shall dismiss the Action with prejudice

**2.22** **"Final Approval Order and Judgment"** means the Court's final approval of this Agreement through an order, substantially in the form of **Exhibit 1** attached hereto, to be entered

by the Court through the entry of an order following the Final Approval Hearing in which the Court grants final approval of this Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.

2.23 **"Funding Dates"** means the dates upon which the Cruise Defendants will fund the Gross Settlement Fund in two (2) installments with the first Gross Settlement Fund payment of $500,000.00 to occur no later than thirty-five (35) days after the Effective Date. The second Gross Settlement Fund payment of $375,000.00 is due one (1) year from the date the entry of the Preliminary Approval Order, but in no event shall the second Gross Settlement Fund payment be paid prior to thirty-five (35) days from the Effective Date.

2.24 **"Gross Settlement Fund"** means the total gross settlement fund that will be created by the Cruise Defendants in an amount that shall not to exceed $875,000.00, which shall be paid in two installments as discussed in Sections 2.23 and 4.2.

2.25 **"Incentive Award"** means the payment that the Court may award to the Class Representative pursuant to Section 17.2 of this Agreement. To the extent that the Court may grant an incentive award based on Plaintiff's application, the Incentive Award shall be paid exclusively from the Gross Settlement Fund.

2.26 **"Net Settlement Fund"** means the Total Gross Settlement Fund less mediation costs, if any, that may be incurred after the Settlement is granted preliminary approval, any Attorney's Fees awarded to Plaintiff's counsel by the Court (not to exceed 30% of the Gross Settlement Fund), any Incentive Award awarded to the named Plaintiff by the Court (not to exceed $5,000), any costs awarded to Plaintiff by the Court, and any costs of administration of the settlement of any kind (including but not limited to actual costs of creating the Settlement Website and maintenance relating thereto, printing, postage, publication, clerical, personnel and accounting

costs, costs of Rodney Max, Esq. or other neutral third party for resolving claims disputes (after preliminary approval is granted), and temporary labor utilized to administer the class).

2.27   **"Notice and Claim Form"** means the notice and claim form that is to be provided to the Settlement Class in accordance with this Agreement substantially in the form of **Exhibit 2** attached hereto, or in such similar form as may be ordered by the Court. The Notice will explain in detail to the Settlement Class the nature of this litigation and their rights pursuant to this Settlement. Crewmembers may request a copy of the Notice to be mailed or emailed to them by the Settlement Administrator. The Notice will also be posted on the Settlement Website.

2.28   **"Notice Database"** means the database that the Settlement Administrator will create from the Cruise Defendants' records, which will be updated with names and addresses of potential Settlement Class Members. Sufficient information shall be made available to Class Counsel and the Cruise Defendants' Counsel to determine the status of each pending claim on a rolling basis commencing after Notice of the Settlement to the class, including sufficient information as to whether the claim is valid and approved, invalid, fraudulent or otherwise irregular so that objections can be made in compliance with this Agreement.

2.29   **"Objection/Exclusion Deadline"** means the date for Settlement Class Members to object to the Settlement and is intended to occur no later than ninety (90) days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, by which (i) a written objection to this Agreement must be filed in the Action, or (ii) a Request for Exclusion must be postmarked.

2.30   **"Parties"** means Plaintiff, the Settlement Class, and the Cruise Defendants.

2.31   **"Person"** means, without limitation, any individual and their spouses, heirs, predecessors, successors, agents, representatives, and assigns.

2.32 **"Plaintiff"** means Dragan Janicijevic and Settlement Class.

2.33 **"Preliminary Approval Order"** means the Court's preliminary approval of this Settlement through entry of a Court order, substantially in the form of **Exhibit 3** attached hereto, in which the Court: (i) preliminarily approves the term and conditions of this Agreement as fair and reasonable; (ii) certifies the Settlement Class solely for settlement purposes; (iii) approves the manner and form of Class Notice; (iv) authorizes the dissemination of Class Notice to the Settlement Class; (v) directs the manner in which and deadline by which Settlement Class Members may submit a Request for Exclusion; (vi) appoints the Settlement Administrator as Class Counsel and Cruise Defendants' Counsel; and (vii) and schedules a Final Approval Hearing. The Form of the Preliminary Approval Order is a material term of this Agreement.

2.34 **"Release"** means the releases set forth in Section 15 of this Agreement.

2.35 **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, actual, statutory, punitive, exemplary or multiplied damages, expenses, costs, attorney's fees and/or obligations, whether in law or equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on 46 USC § 10313, 46 USC § 10504, 18 USC § 1595, federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, promises, oral agreements and representations, omissions or failures to act regarding any and all alleged unpaid wages, severance, or any other monies arising out of or in connection with the employer-employee relationship with the Cruise Defendants, including all past, present

and future claims that were brought or could have been brought in the Action concerning any of the claims raised therein.

2.36    **"Released Parties"** means Cruise Defendants and any and all of their respective past, present and future parents, subsidiaries, affiliated companies, corporations, divisions, joint ventures, and entities in which Cruise Defendants have a controlling interest, and any and all of their respective past, present and future officers, directors, managers, general and limited partners, members, principals, insurers, insureds, employers, employees, consultants, independent contractors, shareholders, attorneys, advisors, predecessors, successors, associates, related entities, servants, assigns, representatives and agents.

2.37    **"Releasing Parties"** means Plaintiff and each Settlement Class Member, and their respective present, former, or subsequent assigns, heirs, successors, predecessors, administrators, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, officers, directors, shareholders, members, managers, partners, principals, representatives, attorneys, accountants, financial and other advisors, employees, and any other representatives acting on their behalf.

2.38    **"Request for Exclusion"** means the written submission submitted by any Person in the Settlement Class to opt out of the Settlement pursuant to Section 10 of this Agreement.

2.39    **"Residual Funds"** means any monies in the Net Settlement Fund that are not distributed and/or allocated to Settlement Class Members shall revert to the Cruise Defendants.

2.40    **"Settlement"** means the settlement contemplated by this Settlement Agreement and Release, including all exhibits attached hereto.

2.41    **"Settlement Administration Expenses"** means fees, costs, and expenses reasonably incurred in administering the Settlement, including, but not limited to, fees, costs, and expenses incurred in disseminating Class Notice, providing Class Notice, creating, administering,

maintaining, and hosting the Settlement Website, and providing payouts to Settlement Class Members. The Settlement Administrator shall consult with Class Counsel and Cruise Defendants' Counsel for approval before incurring such expenses and all such Settlement Administration Expenses shall be paid exclusively from the Settlement Fund. Settlement Administration Expenses shall be subject to the written approval of Class Counsel and Cruise Defendants' Counsel, not to be unreasonably withheld.

2.42 **"Settlement Administrator"** means Class Counsel and Cruise Defendants' Counsel jointly. Costs of administration of the class (including but not limited to actual costs of printing, postage, publication, clerical, personnel and accounting costs, costs of Rodney Max, Esq. or other neutral third party for resolving claims disputes, and temporary labor utilized to administer the class) shall be paid out of the Gross Settlement Fund. The budgeted dollar amount for purposes of claims administration and all costs over $1,000 related to claims administration shall be agreed to by both Class Counsel and Cruise Defendants' Counsel. A record shall be kept of all approved expenses to submit in connection with Final Approval of the Class Action Settlement. Class Counsel shall have the right to observe and ensure the claims process is carried out as mutually agreed between Class Counsel and Cruise Defendants' Counsel. The Parties shall endeavor in good faith regarding a mutually acceptable claims process and claims documentation and counsel shall confer throughout the claims administration process.

2.43 **"Settlement Class"** means all seafarer-employees who were employed, worked and were physically present on the Cruise Defendants' vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020. "Seafarer-employees" shall not include deck and engine employees and independent contractors. Cruise Defendants' corporate officers or corporate directors. Plaintiff shall amend the current Complaint [DE 1] in the above-

referenced matter to include the class definition as set forth in this Section 2.43 for all claims involving or related in any way to Wages.

2.44    **"Settlement Class Member"** means Plaintiff and any Person who is in the Settlement Class and who has not timely submitted a valid Request for Exclusion by the Objection/Exclusion Deadline.

2.45    **"Settlement Fund"** means the sum of the total amount of Approved Claims made by Settlement Class Members (received and accepted by the Settlement Administrator, i.e., the Parties), which were either not objected to by the Parties, or for which Objections were otherwise resolved, sustained or overruled, Settlement Administration Expenses, any Incentive Award to the Class Representative, and any award of Attorneys' Fees and Expenses to Class Counsel, provided, however, that the amount shall in no event exceed eight hundred and seventy-five thousand U.S. Dollars ($875,000.00) or the "Gross Settlement Fund." The Settlement Fund represents the total maximum extent of the Cruise Defendants' total monetary obligation under this Agreement. In no event shall the Cruise Defendants' total monetary obligation with respect to this Agreement exceed the amount of the Gross Settlement Fund of $875,000.00. The Settlement Fund shall constitute Cruise Defendants' exclusive and only payment obligation under this Agreement and shall be used to pay for any and all: (i) Settlement Class Recovery to Settlement Class Members; (ii) Settlement Administration Expenses; (iii) Fee Award for Attorneys' Fees and Costs; and (iv) Incentive Award. Any Residual Funds or Unclaimed Funds remaining after these payments have been made to Class Counsel, Plaintiff and Settlement Class Members shall revert to the Cruise Defendants.

2.46    **"Settlement Class Recovery"** means the amount of the Net Settlement Fund available for distribution to the Settlement Class Members, after payment of Settlement

Administration Expenses, any Fee Award for any Attorneys' Fees and Costs, any Incentive Award, and any other expenditure as may be authorized by the Court.

2.47    **"Settlement Website"** means the internet website to be created, operated, maintained, and hosted by the Settlement Administrator pursuant to Section 7.3 of this Agreement.

2.48    **"Unclaimed Funds"** means any monies remaining in the Net Settlement Fund after all agreed upon and Court approved distributions have been made, which shall revert to the Cruise Defendants five (5) days after the Settlement becomes Final.

2.49    **"Wages"** means payment of base wages, overtime wages, extra overtime wages, penalty wages under 46 USC § 10313, 46 USC § 10504, 18 USC § 1595, severance, tips, gratuities, or other compensation in accordance with contract law; the incorrect allotment of any earnings; repatriation damages under the Jones Act; tort claims relating to crew employment other than personal bodily injury claims; and any other error or omission of any kind that relates to wages, any promises to pay any monies whatsoever arising out or in connection with the employer-employee relationship and any other compensation of whatever kind or in any way arising from or connected to the Settlement Class Members' employment with the Cruise Defendants at any given period allegedly owed by Cruise Defendants to Settlement Class Members who work or worked aboard any of the two Cruise Defendant vessels *(Grand Celebration,* and the *Grand Classica)* during the Class Period. Plaintiffs shall amend the current Complaint [DE 1] in the above-referenced matter to include a claim for Wages consistent with this Section 2.49.

3.0    CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY

The Parties hereby agree, subject to the approval of the Court, that the Action shall be deemed, _for purposes of settlement only_, to satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3), and shall be certified as a class for settlement purposes

only. Any class certification order entered in this Action pursuant to the Settlement, this Agreement or otherwise, shall not constitute a waiver or admission, in this or in any other proceeding, by the Cruise Defendants of a finding or evidence that Plaintiff's claims, claims of any Person in the Settlement Class, or any Released Claims are appropriate for class treatment or that any requirement for class certification is otherwise satisfied in this Action. In the event that the Settlement or this Agreement does not become effective, either because the Effective Date does not occur for any reason whatsoever or because the Agreement is later determined or declared to be null and void, in part or in full, the Court's Preliminary Approval Order certifying the Settlement Class for settlement purposes only shall be null and void and shall no longer be in effect. By entering into the Settlement and this Agreement, Cruise Defendants in no way waive their respective rights to challenge Plaintiff's allegations that a class may be certified in this Action.

3.1     **The Cruise Defendants' Denial of Liability and Any Basis for Certification of Settlement Class.** The Cruise Defendants deny any wrongdoing whatsoever. Specifically, The Cruise Defendants deny all of Plaintiff's allegations asserted in the Complaint [DE 1] and Amended Complaint, which were made individually and on behalf of the putative class, and further deny any and all liability to anyone, including, but not limited to, Plaintiff, the putative class, the settlement class, or any other person, based upon, arising out of, relating to, or otherwise in connection with the allegations asserted in the Complaint [DE 1] and Amended Complaint. Therefore, the Cruise Defendants maintain that Plaintiff, Settlement Class Members, any opt-out individuals and any employees are not entitled to any relief set forth in the Complaint [DE 1] or Amended Complaint in this Action. *Id.* The Cruise Defendants further contend that the allegations in the Complaint [DE 1] and Amended Complaint are not amenable to class certification, that Plaintiff would not have survived dismissal and/or summary judgment on these claims and even if

the Court denied dismissal and/or summary judgment, which is unlikely, each of the Cruise Defendants would have prevailed at trial on all of the issues raised in the Complaint [DE 1] and Amended Complaint. *Id.* Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Cruise Defendants have agreed to enter into this Agreement, subject to Court approval. However, solely for the purposes of avoiding the expense and inconvenience of further litigation, the Cruise Defendants do not oppose the certification of a Settlement Class for the purposes of this Settlement only. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would the Cruise Defendants be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement and Release is not finalized or finally approved for any reason. If the Settlement Agreement and Release is not finally approved by the Court for any reason whatsoever, the certification of Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action or any other judicial proceeding. No agreements made by or entered into by the Cruise Defendants in connection with the Settlement Agreement and Release may be used by Plaintiff, any Settlement Class Member, or any other Person to establish any of the elements of class certification in any certification proceedings, whether in this Action or any other judicial proceedings. If the Settlement is not granted final approval, the Parties will go back to status quo as of August 20, 2020 and no settlement funds shall be due or owing under this Agreement.

> **3.2    Plaintiff's Position Regarding Certification and the Benefits of Settlement.**

Plaintiff believes that certification is warranted. Plaintiff recognizes and acknowledges, however, that the expense and amount of time that would be required to pursue this Action against the Cruise Defendants as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such

claims on behalf of the Settlement Class. Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement and Release. Plaintiff and Class Counsel believe that the Settlement set forth in this Settlement Agreement and Release confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle this Action as described herein.

**4.0    SETTLEMENT TERMS AND BENEFITS TO SETTLEMENT CLASS.**

**4.1    Settlement Fund.** The Cruise Defendants agree to pay a reversionary Gross Settlement Fund per Sections 2.24, 2.26, and 2.45. The Settlement Fund, as defined in Section 2.45, shall be used first to pay all of the fees and expenses as defined in Section 2.26.

**4.2    Gross Settlement Fund to Be Paid in Installments.** The Gross Settlement Fund in the amount of $875,000.00 shall be paid in two installments. The First Gross Settlement Fund payment ($500,000.00) will be paid by the Cruise Defendants within thirty-five days (35) days of the Effective Date. The Second Gross Settlement Fund payment ($375,000.00) will be paid by the Cruise Defendants on or before one (1) year from the date of the entry of the Preliminary Approval Order by the Court, but in no event shall the Second Gross Settlement Fund payment be paid prior to thirty-five (35) days from the Effective Date. Plaintiff will have a lien for the Second Gross Settlement Fund payment in the amount of $375,000.00 on the *Grand Celebration* vessel if the Cruise Defendants are not able to secure a financing commitment by December 31, 2020. In the event that such financing commitment is obtained, or upon payment of the Second Gross Settlement Fund payment to the class in the amount of $375,000.00, the Plaintiff, the putative class and/or Settlement Class shall no longer be able to claim a lien against the *Grand* Celebration as the lien shall be deemed satisfied.

**4.3**      The Gross Settlement Fund will be allocated as follows: first it will be used to pay, any attorneys' fees and expense award to Class Counsel and any Incentive Award to Class Representative that are approved by the District Court and any and all administrative costs (the result is the "Net Settlement Fund"). The Net Settlement Fund will then be divided and distributed as individual allocations to the Settlement Class Members who do not opt out. If the claims received exceed the Net Settlement Fund, each Settlement Class Member shall receive his or her amount pro rata. Any Net Settlement Funds that remain after final approval and distribution to valid and approved Settlement Class Members shall revert to Cruise Defendants per Section 2.39. Additionally, per section 2.48, any Unclaimed Funds shall also revert to the Cruise Defendants.

**4.4      Amount to Be Paid for Approved Claims.** Approved Claims will be paid from the Net Settlement Fund as defined in Sections 2.26 and 4.3 above. There will be two classes of Approved Claims. The Net Settlement Fund will be divided and distributed to the Settlement Class Members who did not opt out as set forth in Section 10. If the claims received exceed the Net Settlement Fund, each Settlement Class Member shall receive his or her amount pro rata. Any Net Settlement Funds that remain after final approval and distribution to valid and approved Class Member shall revert to Cruise Defendants. All Residual and Unclaimed Funds as defined in Sections 2.39 and 2.48 above shall revert to the Cruise Defendants.

■ **Wage Claim Type 1**. Wage Claim Type 1 is a payment of two (2) months crewmember wages at the rate of pay established by each Settlement Class Member's contract of employment in effect as of March 18, 2020 with the amount of the payment based on the salary listed on the employment contract for each Approved Claim.

■ **Wage Claim Type 2.** Wage Claim Type 2 will be a payment of $1,000.00 for each Approved Claim for any and all Work performed on the Cruise Defendants' vessels during the Claims Period for each Approved Claim.

4.5     As provided in Section 10 of this Agreement, any Person in the Settlement Class individually may elect to opt out of the Settlement Class, within the time frame and in the manner specified in the Class Notice and the Preliminary Approval Order, with the effect that the rights of each such Person in the Settlement Class who opts out shall not be affected by the Settlement and this Agreement. Except for Persons in the Settlement Class who are deceased or incapacitated, such opt out rights may only be exercised individually by a Person in the Settlement Class, and not by any other Person in a representative capacity.

**5.0     PRELIMINARY APPROVAL ORDER**

5.1     **Amendment to Complaint.** Within three (3) days after execution of this Agreement by Plaintiff and Cruise Defendants, Class Counsel shall file an Amended Complaint to reflect the class definition and this Agreement, and to correctly name the appropriate Defendants.

5.2     **Preliminary Approval Order**. Within three (3) days after execution of this Agreement by Plaintiff and by Cruise Defendants, Class Counsel shall submit this Agreement together with all exhibits referenced herein to the Court, and shall apply to the Court for entry of the Preliminary Approval Order in the form of **Exhibit 3** attached hereto. The proposed Preliminary Approval Order shall, among other things:

(a)     preliminarily approve this Agreement (subject to the Final Approval Hearing) as fair and reasonable;

(b)     preliminarily certify the Settlement Class for settlement purposes only;

(c)     appoint Plaintiff's undersigned counsel as Class Counsel;

(d)    appoint Plaintiff as the Class Representative;

(e)    appoint Class Counsel and Cruise Defendants' Counsel jointly as the Settlement Administrator;

(f)    set a schedule for proceedings concerning final approval of this Settlement, including, but not limited to, scheduling a Final Approval Hearing date, which the Parties shall request to be set no earlier than one hundred and twenty (120) days after entry of the Preliminary Approval Order;

(g)    approve the manner and form of Class Notice and authorize same for dissemination in accordance with Section 7 of this Agreement;

(h)    approve the manner in which, and deadline by which, Persons in the Settlement Class may submit a Request for Exclusion as described in Sections 2.38 and 10 of this Agreement; and

(i)    set a time and date for objections by Parties and Class Members and a Final Approval Hearing, which may be continued from time to time without the necessity of further notice, the optout deadline and the Objection Deadline.

**5.3**    The Court's Preliminary Approval Order shall reflect that the Parties agree that this Settlement does not amount to an admission of liability and that the Settlement is not admissible in any future lawsuit to suggest any unpaid wage, other statutory, tort or contract liability or that a class would be appropriately certified.

**5.4**    The Preliminary Approval Order shall further authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and its implementing documents, including, but not limited to, all exhibits hereto, so long as such amendments, modifications, and expansions are in writing and consistent

in all material respects with the proposed terms of the Final Approval Order and Judgment as set forth in **Exhibit 1** attached hereto.

5.5     If the Court does not issue the Preliminary Approval Order in substantially the same form as **Exhibit 3** attached hereto, or otherwise declines to issue the Preliminary Approval Order, or if the Preliminary Approval Order is reversed or modified on appeal and/or remand, then the Settlement and this Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement and this Agreement consistent with the change or modification. In the event the Settlement and this Agreement is disapproved by the Court as described in this Section 13.4 of this Agreement, the Parties shall be restored without prejudice to their respective litigation positions in the Action as of August 20, 2020.

5.6     The Parties, Class Counsel, and Cruise Defendants' Counsel shall undertake all reasonable efforts that are in good faith necessary and appropriate to obtain a Preliminary Approval Order.

### 6.0     ADMINISTRATION AND NOTIFICATION PROCESS

6.1     **Settlement Administrator and Notice**. Class Counsel and Cruise Defendants' Counsel shall be jointly responsible for administering the settlement as set forth herein. Those responsibilities include, but are not limited to, where feasible, identifying the addresses of Settlement Class Members, giving notice, obtaining new addresses for returned post mail and email, setting up and maintaining the Settlement Website, fielding inquiries about the Settlement, processing payments, acting as a liaison between Settlement Class Members and the Parties regarding payments to Settlement Class Members, and any other tasks reasonably required. The Settlement Administrator will provide updates to all Parties on all payments made through the Notice Database. In addition, the Parties will agree on and approve all forms of notice to be

provided to the Settlement Class Members and all messaging for the Settlement Administrator's communications with Settlement Class Members, including written communications. However, to the extent that Settlement Class Members are serving on the Cruise Defendants' vessels or may enter into any new contract to serve on the vessels, the Cruise Defendants' have the right to conduct any and all business of an employer and to freely communicate and investigate any matter relating to the employment of any Settlement Class Members without interference from Class Counsel.

6.2     **Notice Database.** To facilitate the notice and claims administration process, the Settlement Administrator will create a Notice Database from the Cruise Defendants' Employment Records. Commencing as of the date the Class Notice of the Settlement is provided to the Settlement Class Members, the Notice Database should include the names, contact information, pay rates and status of each claim, and shall be updated on a rolling basis as claims are received throughout the claims period. Class Counsel and Cruise Defendants' Counsel shall have equal access to information in the Notice Database for purposes of making any timely and reasonable objections or making any inquiries with the Settlement Administrator whatsoever relating to the claims process. The Settlement Administrator shall destroy the Notice Database, and all information derived from the Notice Database, after all outstanding checks are stale and any residual distribution has been completed.

6.3     **Payment of Notice and Claims Administration Costs.** The Cruise Defendants will pay the reasonable costs of notice and claims administration that are reasonably incurred prior to the funding of the Settlement Fund, and those payments will be deducted from the Gross Settlement Fund on or before the Funding Date. The Settlement Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide them to Class Counsel and the Cruise Defendants' Counsel monthly. The Settlement Administrator

shall provide an accounting of all such costs and expenses and all sums paid by the Cruise Defendants no later than fourteen (14) days prior to the Final Approval Hearing. After the Cruise Defendants have funded the Settlement Fund, the Cruise Defendants shall have no further obligation to pay any amount whatsoever under this Agreement. At the conclusion of the Claims Administration, the Settlement Administrator will also provide an accounting to the Parties of the Settlement Administration Costs and how the amounts in the Settlement Fund were distributed.

**7.0    NOTICE TO THE CLASS**

Upon entry of the Preliminary Approval Order, the Settlement Administrator shall distribute Class Notice to all Persons in the Settlement Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs and expenses of Class Notice shall be deemed part of the Settlement Administration Expenses to be exclusively paid from the Gross Settlement Fund.

**7.1    Timing of Class Notice.** Class Notice will be provided to all Persons in the Settlement Class and will commence within thirty (30) days following the entry of the Preliminary Approval Order as described herein.

**7.2    Actual Notice and Claim Form.** Subject to the approval of the Court, the Settlement Administrator will send a singular Settlement Notice and Claim Form via first-class U.S. mail to the Settlement Class Members substantially in the form provided in **Exhibit 2** attached hereto. These class members will receive actual notice from the Settlement Administrator informing these class members of their right to file a claim. The notice will also provide a claim form to allow the class member to submit a claim via regular mail and/or to email the claim form digitally to the Settlement Website email address. Each and every Settlement Class Member will have to check a box and declare the following with a signature and a date:

☐ I affirm that I was employed as a crewmember on the *Grand Celebration* and/or the *Grand Classica* between March 19, 2020 and August 20, 2020.

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the United States of America that I am a member of the Settlement Class and that the information I am providing above is true and correct.

Signature: _____ Date (MM-DD-YY): _____/_____/_____

Both the paper notice and the Settlement Website shall specifically state that all submitted claims are subject to verification by the Settlement Administrator.

    **7.3**    **Settlement Website.** The Settlement Administrator will maintain and administer a dedicated Settlement Website. The substance contained on the Claim Form will also appear on the Settlement Website. No other documents are to be made available on the Settlement Website. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund and will be deducted from the Gross Settlement Fund at the time of the Funding Date. All content for the Settlement Website shall be consistent with this Agreement and shall be subject to the approval of the Parties.

    **7.4**    **CAFA Notice.** Cruise Defendants' Counsel shall be responsible for serving the required CAFA Notice(s) following the review and approval of the CAFA notice by the Parties within ten (10) days after filing the preliminary approval motion.

    **8.0**    **PAYMENT PROCESS.** The process for paying approved and valid claims shall be as set forth below.

    **8.1**    The total amount distributed to the Settlement Class shall be the Settlement Class Recovery. Any approved distribution of the Settlement Class Recovery to the Settlement Class Members or any other Person shall commence only after the Effective Date. The Settlement Administration Expenses, Fee Award for Attorneys' Fees and Costs to Class Counsel, Incentive

Award, and any other expenditure as may be authorized by the Court, shall be paid from the Gross Settlement Fund prior to any issuance of payments made to the Settlement Class. The Settlement Fund shall be returned to the Cruise Defendants in the event of a termination of this Agreement pursuant to Section 16 of this Agreement and any Residual and/or Unclaimed Funds shall revert to the Cruise Defendants after allocation of the Approved Claims to Settlement Class Members.

8.2     The Cruise Defendants will fund the Settlement Fund by the Funding Date. As soon as practicable but no later than sixty (60) days after the Effective Date or such other date after the Effective Date as the Court may order, the Settlement Administrator shall pay from the Settlement Fund the Settlement Class Recovery to all Settlement Class Members who file an Approved Claim pursuant to Section 9 of this Agreement, after the payment of Attorneys' Fees and Costs, the Incentive Award and Settlement Administration Expenses.

8.3     Any Settlement Class Member who is due to be paid from the Net Settlement Fund will receive an allocation by check. The check shall state on its face that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. If any Settlement Class Member fails to cash any check within ninety (90) days after the date of issuance, then the Settlement Class Member shall forever waive and release his/her claim for payment under this Agreement.

8.4     Settlement Funds may remain in the Net Settlement Fund because (a) the monies are not distributed to Settlement Class members and/or (b) monies may remain after all agreed upon and court approved distributions have been made.  If all Approved Claims fall below the total amount of the Net Settlement Fund as of the Effective Date, the Residual Funds shall revert to the Cruise Defendants. If any Settlement Class Member fails to cash his/her check, or such check expires or otherwise becomes null and void, the Unclaimed Funds revert to the Cruise Defendants.

**9.0    CLAIMS PROCESS AND DETERMINATION FOR ELIGIBILITY FOR COMPENSATION FROM CLASS SETTLEMENT RECOVERY.**

**9.1**    Settlement Class Members may assert a claim by mail or via email to the Settlement Website. Per Section 7.2 above, a Class Member returning a claim form shall sign and date the claim form that includes an attestation. If a Settlement Class Member provides a claim digitally via email, the Settlement Class Member may electronically sign and date the claim, which will include an attestation as set forth in Section 7.2. Per Section 11.2, the Cruise Defendants shall have the right to object to identify potentially fraudulent claims within the time frame set forth below, and to bring such concerns to the attention of Class Counsel and, if necessary, the Court. See Section 11.3.

**9.2**    As described in the Class Notice, any Class Member who seeks distribution from the Settlement Class Recovery shall return a completed claim form as contained in the Notice and Claim Form. If returned via mail, the Claim Form must be mailed to the address stated in the Class Notice and must be postmarked on or before the Claims Deadline. The Claim Form may be emailed to the Settlement Website and must be electronically submitted on or before midnight on the date of the Claims Deadline according to the date stamp recorded by the Settlement Website. Any Settlement Class Member who fails to timely return a completed and signed Claim Form by the Claims Deadline shall not be eligible to participate in any distribution from the Settlement Class Recovery.

**9.3**    The Settlement Administrator shall review all submitted Claim Forms to determine if such forms were timely received and otherwise provide all of the information required to be submitted on a rolling basis. The Settlement Administrator shall review all submitted Claim Forms to determine if the submitting person is eligible for distribution from the Settlement Class

Recovery under this Agreement by confirming that the claim is eligible and valid consistent with Section 9.6. Commencing after notice is provided to the Settlement Class Members, the Settlement Administrator shall promptly provide regular weekly reports of all Approved Claims and any irregularities or potential fraud and note same in the Notice Database.

9.4     A proof of claim is timely if it is signed and either postmarked or the email date stamp from the Settlement Website is noted as on or before midnight on the Claims Deadline. If the form was mailed and the postmark date is illegible, the claim form shall be deemed to have been postmarked prior to the Claims Deadline if the subject form is received by the Claims Administrator either before the Claims Deadline or within five (5) days after expiration of the Claims Deadline. Any unsigned or incomplete proof of claim shall immediately be returned to the claimant with a notice that the proof of claim was unsigned and/or requesting the claimant to cure by providing the necessary information and requesting that it be corrected, signed and/or completed and returned within forty-five (45) days of the mailing of the returned unsigned proof of claim and notice by the claims administrator to the claimant. If returned by the claimant within this forty-five (45) day period this proof of claim shall be accepted as timely. If not returned by the claimant within this forty-five (45) day period, the proof of claim shall be rejected as untimely. The Claims Administrator shall keep a record of all such receipts and returned mailings to claimants. Any Settlement Class Member who fails to timely submit a proof of claim shall be forever barred from receiving any payment pursuant to this Agreement and will in all other respects be subject to the provisions of this Agreement and will be deemed to have given the release contemplated by this Agreement.

9.5     Proof of claim forms shall advise claimants to retain a copy of the proof of claim form, the post office receipt or other proof of timely mailing. For each proof of claim form timely

received by the Claims Administrator for which a valid email address is included, the Claims Administrator shall within thirty (30) days send an email confirming receipt of the proof of claim. Settlement Class Members who do not receive such email confirmation and who did submit a timely proof of claim form, may resubmit their proof of claim along with proof that it was timely mailed anytime within thirty (30) days after the Claims Deadline.

      **9.6**    **Valid Claims.** A proof of claim is valid if it meets all of the following conditions:

      (a)    The proof of claim arrives or is postmarked or emailed to the Settlement Website before midnight on the Claims Deadline or is otherwise timely pursuant to this Section.

      (b)    The proof of claim form provides the name of the claimant, the claimant's Cruise Defendant ID number, C1-D Visa number and passport number, permanent residence address (or such other address as the claimant may designate for mailing of any settlement proceeds which are not distributed onboard a Cruise Defendant's vessel), and the claimant's permanent telephone number and email address.

      (c)    The proof of claim shall also ask the claimant to provide the following information under penalty of perjury: (i) the name of one or more Cruise Defendant vessels on which the claimant worked during the Class Period, (ii) the dates that the claimant served on each Cruise Defendant's vessel listed during the Class Period, (iii) the position that the claimant held on each Cruise Defendant's vessel listed during the Class Period, (iv) the dates the claimant alleges he/she worked on the vessel(s) without pay during the Class Period, (v) the date of commencement of the contract and the date of sign off applicable to the Class Period, (vi) the claimant's monthly wages, including reasonably anticipated tips during the Class Period (if not provided, then the Parties will use the standard wages paid by the Cruise Defendants for the position).

(d)     A proof of claim also is valid if it provides sufficient information to allow Cruise Defendants to reasonably determine the identity of the Person submitting the claim from Cruise Defendants' records, the position or positions that the Person held with Cruise Defendants, the dates that the person served in the positions, and an address or other information that will allow the Claims Administrator to contact the person. A proof of claim will not be invalidated for lack of information unless Cruise Defendants cannot identify the claimant or other requisite information from the remaining information. If Cruise Defendants' records are not sufficient to make such a determination, but the proof of claim otherwise is valid, the Claims Administrator shall return the proof of claim to the claimant, if possible, along with a written notice, advising the claimant that the proof of claim was missing information, requesting that the claimant provide the missing information within forty-five (45) days of the mailing of such notice, and advising the claimant that the proof of claim will be rejected as invalid if it is not received by the Claims Administrator within forty-five (45) days with the requested information. If the proof of claim, with the requested information, is not received by the Claims Administrator within this forty-five (45) day cure period, the Claims Administrator shall reject the proof of claim as invalid. The Claims Administrator shall keep a record of all such receipts and returned mailings to claimants.

(e)     Claims forms that do not have responses to all of the information required by this Section shall be deemed invalid.

(f)     Information supplied by a claimant on a timely and valid proof of claim is presumptively correct but may be refuted by the Cruise Defendants. If Cruise Defendants' records conflict with information submitted by a claimant, counsel for both Parties shall in good faith attempt to resolve the conflict. If unable to do so, the dispute shall be resolved by Rodney Max,

Esq. or another mutually agreeable third party whose decision as to that claimant shall be final. The costs for such review shall be paid out of the Gross Settlement Fund.

(g)     Each Settlement Class Member who files a valid and timely Claim Form would be entitled to their portion of the Settlement Class Recovery.

**10.0   OPT -OUTS AND OBJECTIONS.**

**10.1   Opting Out of the Settlement.** Any members of the Settlement Class who wish to exclude themselves from the Settlement Class shall advise the Settlement Administrator on or before the Exclusion Deadline. The Class Notice shall contain information concerning how a person in the Settlement Class may opt-out of the Settlement (i.e., a request to be excluded from the Settlement Class) by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice.

(a)     Such Request for Exclusion shall clearly indicate the name, address, telephone number, and passport number of the Person seeking exclusion, the name and case number of the Action, a clear and unequivocal statement under penalty of perjury that the person objecting believes he or she is a member of the Settlement Class and a statement with enough factual information to demonstrate that the Person is eligible to be a Settlement Class member, a statement that the Person wishes to be excluded from the Settlement Class, and the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person.

(b)     Any member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member, will not receive any compensation under this Agreement, and will not be bound by the terms of this Agreement.

**10.2    Opt-Out Communications.** Class Counsel agree not to represent, encourage, or solicit, in any way whatsoever, any person seeking exclusion as a Settlement Class Member or any other person seeking to litigate with the Released Parties over any Released Claims in this Action. This section is not intended in any way to limit the ability of Class Counsel to communicate or advise any Settlement Class Member regarding what they need to do to comply with the terms of this Agreement.

**10.3    Validity of Exclusion.** The Request for Exclusion shall not be effective unless it is postmarked no later than the Objection/Exclusion Deadline, which date shall be stated in the Class Notice. No Person in the Settlement Class may submit a Request for Exclusion of or on behalf of any other Person in the Settlement Class. Requests for Exclusion that do not comply with this Section of this Agreement are invalid. The Settlement Administrator shall share copies of Requests for Exclusion and a report of the names and addresses of Persons whose Requests for Exclusion have been timely mailed shall be provided by the Settlement Administrator to Class Counsel and Cruise Defendants' Counsel. The Requests for Exclusion shall be filed with the Court by the Plaintiff in connection with Plaintiff's motion for a Final Approval Order and Judgment.

**10.4    **The Settlement Administrator will also provide a list of each Person who timely and validly opted out of the Settlement to Class Counsel to be filed with the Court twenty-one (21) days prior to Final Approval. Any Person in the Settlement Class who does not properly and timely submit a Request for Exclusion of this Settlement Agreement on or before the Exclusion Deadline will be bound by this Agreement and the Final Approval Order and Judgment, including the Released Claims as defined in the Agreement. Any Person in the Settlement Class who submits a valid and timely Request for Exclusion shall not be a Settlement Class Member, bound by this

Agreement or the Final Approval Order and Judgment, entitled to any Settlement Class Recovery, or otherwise gain any rights by virtue of this Agreement.

      **10.5**    **Objections.** Any Settlement Class member who intends to object to the fairness of the settlement must file a timely written objection with the Court by the Objection Deadline at his or her own expense, with a copy served on the Settlement Administrator, Class Counsel, and Cruise Defendants' Counsel at the addresses provided in the Class Notice, which written objection must contain the following:

      (a)    the full name, address, telephone number, the signature of the objecting Class Member and a statement under penalty of perjury that the Settlement Class Member is a member of the Settlement Class and the information required on the claim form;

      (b)    state whether the Objection is made on the Settlement Class Member's behalf only or on behalf of other Class Members;

      (c)    identify any lawyer that was consulted as to such objection or this Action;

      (d)    the specific reasons for the objecting Settlement Class Member's objection to the Settlement, and a detailed statement of the legal basis for such objections;

      (e)    the identity of all witnesses, including the witnesses' name and address, and a summary of such witnesses' proposed testimony who the objecting Settlement Class Member may call to testify at the Final Approval Hearing;

      (f)    produce and attach to the objection copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing;

      (g)    a statement whether the objecting Settlement Class Member and/or his/her attorney(s) intend to appear at the Final Approval Hearing. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of

Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector; and

(h)     The Parties shall have the right to depose or seek discovery from any objecting Settlement Class Member to assess whether the objector has standing.

**10.6    Waiver of Objection.** Any Class Member who does not file a timely written objection to the Settlement shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement or seeking review of the Settlement by appeal or other means. Any Class Member who does not file a timely written Objection to the Settlement will be bound by this Agreement and the Final Approval Order and Judgment, including the Release described in Section 15 of this Agreement.

**10.7**     The Parties shall file responses to any objections to the Class Action and Settlement Agreement and Release ten (10) days before the Final Approval Hearing.

**10.8    Fairness Hearing.** Any Settlement Class Member who has timely filed a written Objection to the Settlement may appear at the Final Approval Hearing, either in person or through an attorney hired at the objecting Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

**11.0    SETTLEMENT ADMINISTRATION**

**11.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.

**11.2**     The Settlement Administrator shall employ reasonable procedures to screen claims

for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Cruise Defendants' Employment Records, and by reviewing the submissions of the Settlement Class Members. The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all of the requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than forty-five (45) days to provide any requested missing information. The Settlement Administrator shall notify the claimant regarding the missing information via email or direct mail, whichever is the most practical based on the information provided in the Claim Form, within five (5) business days after the Settlement Administrator rejects the claim. The Settlement Administrator's validation or rejection of all Claim Forms shall occur on a rolling basis once the Settlement Class Members have been notified of the Settlement so that the Cruise Defendants may make any challenges to any claims known to all Parties and attempt to resolve them on an ongoing basis in order to avoid making all objections at the conclusion of the claims period. To effectuate such challenge, the Party making the challenge must provide email notice to the Settlement Administrator and opposing counsel informing them of the claim(s) that Party seeks to challenge and the factual basis for that challenge. The Parties shall receive weekly reports of the status of all claims, including, but not limited to all pending, valid, approved, rejected and invalid claims. The Settlement Administrator shall provide a list identifying all of the validated, rejected and Final Approved Claims no later ten (10) business days following the Claims Deadline.

**11.3**    In the event the Cruise Defendants challenge one or more Settlement Class Members' claims, the Settlement Administrator shall notify each Settlement Class Member within

five (5) business days of its receipt of the challenge via email or direct mail, whichever is the most practical based on the information provided in the Claim Form or on the Settlement Website submission, that the Settlement Class Member shall submit a response to the Cruise Defendants' challenge, if any, within fourteen (14) days. If the Settlement Class Member does not timely submit the supplemental information, the Cruise Defendants' challenge shall be automatically sustained and the Settlement Class Member will receive nothing. If the Settlement Class Member provides a response to the Cruise Defendants' challenge and the Cruise Defendants continue to pursue the challenge, the Parties shall attempt to resolve the challenge within twenty-one (21) days following receipt of the Settlement Class Member's response. In the event that the Parties are unable to resolve the challenge, it shall be presented to the Court for resolution at the Final Approval Hearing. To the extent the Court sustains the Cruise Defendants' challenge, the Settlement Class member will not be permitted to recover Wages or an allocation of the Net Settlement Fund. The Court's determination regarding the challenge shall be final and binding on the Parties.

**11.4** In the exercise of the duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from any Settlement Class Member.

**11.5** **Discretion of Administrator.** The Settlement Administrator shall have discretion to make minor, non-substantive revisions to the format of the Class Notice in a reasonable manner to reduce Settlement Administrative Expenses, including, but not limited to, mailing expenses. Prior to the commencement of the Class Notice period, the Parties shall proof a copy of the Class notice for the purposes to inspect same for compliance with the terms of this Agreement and with the Preliminary Approval Order with reasonably sufficient time for Class Counsel and/or Cruise Defendants' Counsel to provide comments on the proof copy of any and all Class Notices. The

Settlement Administrator shall also have discretion to identify fraudulent claims to bring such concerns to the attention of counsel for all Parties with a recommendation as to how to address or rectify.

**12.0   EFFECTIVE DATE**

**12.1**     The Effective Date of this Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by Plaintiff, Cruise Defendants, Class Counsel and Cruise Defendants' Counsel;

(b)     The Court has entered the Preliminary Approval Order;

(c)     The Court has entered the Final Approval Order and Judgment, following Class Notice, as provided in the Preliminary Approval Order, and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure;

(d)     The expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and all appeals have been exhausted; and

(e)     The Final Approval Order and Judgment has become Final, as defined in Section 2.22 of this Agreement.

**12.2**     If any one or all of the conditions specified in Sections 2.16 and 12.1 of this Agreement are not met, or in the event that this Agreement is not approved by the Court, then this Agreement shall be canceled and terminated and be deemed null and void as described in Section

16 of this Agreement unless Class Counsel and Cruise Defendants mutually agree in writing to proceed with this Agreement or such mutually agreeable alternative agreement as approved by the Court.

**12.3**    If this Agreement is terminated or the Effective Date does not occur for any reason whatsoever, the Parties shall be restored to their respective positions in the Action as of August 20, 2020. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into as described in Section 16 of this Agreement.

### 13.0    FINAL APPROVAL AND JUDGMENT ORDER

**13.1**    No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on Class Counsel and Cruise Defendants' Counsel a declaration stating that the Class Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**13.2**    Upon all conditions precedent to the Settlement having been satisfied, including, but not limited to, the issuance of the Preliminary Approval Order, not later than fourteen (14) days prior to the Final Approval Hearing:

(a)    All Parties will request, individually or collectively, that the Court enter the Final Approval Order and Judgment in substantially the form attached as **Exhibit 1** attached hereto;

(b)    Class Counsel and the Cruise Defendants' Counsel shall file a memorandum of points and authorities in support of a motion seeking the Final Approval Order and Judgment; and

(c)    Class Counsel may file a memorandum addressing any objections submitted to the Settlement.

**13.3**    At the Final Approval Hearing, the Court will consider the proposed Final Approval Order and Judgment, which shall, among other things:

(a)    find that the Court has personal jurisdiction over all Settlement Class Members;

(b)    find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Agreement and all exhibits attached hereto;

(c)    find final approval of this Agreement and the Settlement to be fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, and that each Settlement Class Member shall be bound by this Agreement, and that this Agreement should be and is approved;

(d)    direct the Parties and their counsel to implement this Agreement according to its terms and provisions;

(e)    declare this Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members, and the Releasing Parties;

(f)    find that the Class Notice as described in Section 7 of this Agreement satisfies the requirements of the Federal Rule of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement;

(g)     find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering and implementing the Agreement;

(h)     dismiss the Action with prejudice, including without limitation all Released Claims against the Released Parties, on the merits and with prejudice, without fees or costs to any Party except as provided in this Agreement;

(i)     approve and incorporate the releases described in Section 15 of this Agreement, make such releases effective as of the date of entry of the Final Approval Order and Judgment, and forever discharge the Released Parties from the Released Claims;

(j)     without affecting the finality of the Final Approval Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Agreement; and

(k)     permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Cruise Defendants or any of the Released Parties.

**13.4**     If the Court refuses to issue the Final Approval Order and Judgment in substantially the same form as **Exhibit 1** attached hereto, or otherwise refuses to issue the Final Approval Order and Judgment, or if the Final Approval Order and Judgment is reversed or modified on appeal and/or remand, then the Settlement and this Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement. In the event the Settlement and this Agreement becomes null and void as described in this Section 16 of the Agreement, the Parties shall be restored without prejudice to their respective litigation positions in the Action as of August 20, 2020.

**13.5**    The Parties, Class Counsel, and Cruise Defendants' Counsel shall undertake all reasonable efforts that are in good faith necessary and appropriate to obtain a Final Approval Order and Judgment in substantially the same form as **Exhibit 1** attached hereto.

**13.6**    This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that grants final approval of this Agreement and enters a final judgment and:

(a)    finds that the Class Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

(b)    finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

(c)    finds that this Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the releases of all claims related to this Action, and that this Agreement should be and is approved;

(d)    dismisses on the merits and with prejudice all claims of the Settlement Class Members and all current and former plaintiffs asserted in the Action;

(e)    permanently enjoins each and every Settlement Class Member and all current and former plaintiffs in this Action from bringing, joining, or continuing to prosecute any Released Claims against the Cruise Defendants and all Released Parties; and,

(f)    retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Agreement.

**14.0    FINAL JUDGMENT**

**14.1**    The Final Approval Order and Judgment will be deemed final for purposes of this Agreement upon the latest of the following:

(a)      if no Person has filed an appearance that would give him/her potential standing to appeal the Final Approval Order and Judgment, then on the date the Settlement is approved by the Court as Final;

(b)      if a Person has filed an appearance that would give him/her potential standing to appeal the Final Approval Order and Judgment, and no notice of appeal of the Final Approval Order and Judgment is timely filed, then the expiration date of the time for filing any appeal from the Final Approval Order and Judgment, including, but not limited to, any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise;

(c)      the date of final affirmance of an appeal of the Final Approval Order and Judgment, the expiration of the time for a petition for rehearing and a petition for certiorari of the Final Approval Order and Judgment, or, if such a petition is filed, either the denial of such petition or, if the petition is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to such grant of the petition; or

(d)      the date of final dismissal of any appeal of the Final Approval Order and Judgment or the final dismissal of any proceeding to review the Final Approval Order and Judgment.

**15.0    RELEASE OF CLAIMS.** The Parties agree to the following release and waiver for the Settlement Class, which shall take effect upon the settlement reaching the Effective Date (fourteen (14) days after the settlement becomes final and non-appealable), but shall be effective as of the first day of the Class Period:

**15.1**    The Settlement Class Members, on behalf of themselves and all of their present, former and future heirs, assigns, and/or successors, who do not timely and validly request to be excluded from the Settlement will be deemed to have fully, finally and forever released, and shall

be permanently enjoined from pursuing against Cruise Defendants, and their parents, subsidiaries, affiliates, officers, directors, employees, and agents of and from, any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, tort, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that relate to or arise out of any claims of whatever kind for any monies claimed by the Settlement Class Member arising out of or in connection with the employer-employee relationship during the Claims Period, including but not limited to, severance, Wages, any written or oral promises to pay monies, bonuses and claims raised in this litigation, including each and every claim in the current Complaint [DE 1] and the Amended Complaint. This General Release includes any and all claims for Wages, Jones Act repatriation claims, misrepresentation and false imprisonment claims and any other claims that may arise out of or is in connection to the employer-employee relationship during the Class Period, but does not include or contemplate any separate and independent personal injury claims the Settlement Class Member may have.

**15.2**    Upon the Effective Date, as of the first day of the Class Period, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

**15.3    Covenant Not to Sue**. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties

with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum. Notwithstanding the forgoing, this covenant shall not preclude any Settlement Class Member from assisting, contacting, responding to, or otherwise cooperating with governmental, regulatory, and law enforcement agencies.

      **15.4**    **Representations of Counsel**. Class Counsel represent and warrant that they are not currently working on and have no present intention to work on, or solicit any client to sue on, any claim against any of the Released Parties in any way relating to any and all unpaid Wages by the Cruise Defendants, whether in another proceeding or any and all potential objecting persons. Class Counsel further acknowledge that they will not pursue any claims against any of the Released Parties arising from a review of any confidential document produced in this Action. Class Counsel shall keep confidential (attorney eyes only) any and all documents provided by the Cruise Defendants at mediation and shall return to the Cruise Defendants and/or destroy all documents, electronic or otherwise, produced by the Cruise Defendants to Plaintiff within five (5) business days following the Effective Date with a written acknowledgement under oath to each respective Defendant acknowledging the return or destruction of all of each of the Cruise Defendants' documents (including all responses to discovery produced in litigation, electronic or otherwise). Counsel for Cruise Defendants similarly agrees that they will return to Class Counsel and/or destroy all documents produced in this Action in any way relating to the Class Representative or his family. If counsel for the Cruise Defendants chooses to destroy such documents, counsel will send a written acknowledgment under oath to Class Counsel within five business days after the Funding Date that such documents have been destroyed.

      **16.0**    **TERMINATION OF SETTLEMENT**

**16.1**   If fifteen percent (15%) or more of the class members choose to opt out of this Agreement (by writing to the court and requesting to opt out of the class) by the Claims Deadline or if Final Approval of this class action settlement is not granted by the Court, Cruise Defendants, in their sole judgment, shall have the option to terminate this Agreement at any time within thirty (30) days following the Claims Deadline or any order of any kind indicating that this class will not receive final approval of this class action settlement agreement. Cruise Defendant's option to terminate shall be exercised, if at all, by filing with the Court and serving Class Counsel written notice of the election to terminate within the time specified above for the exercise of such option. If the Agreement is terminated, the Parties jointly shall ask the Court to enter an order disapproving this Agreement and the Gross Settlement Fund shall revert to Cruise Defendants' Counsel.

**16.2**   The Parties' willingness to enter into this Agreement and to agree to the certification of a conditional Settlement Class is dependent upon achieving finality in this Action and avoiding the uncertainties, risks, costs, and delays associated with this Action. Accordingly, the Parties shall each have the unilateral right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement by providing written notice to the Court and all other Parties hereto within twenty (20) days of any Parties' actual notice of any of the following events:

(a)   the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement;

(b)   an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated without material change by the Court on remand;

(c)   the Effective Date of the Settlement does not occur for any reason;

(d)     any other ground for termination provided elsewhere in this Agreement occurs.

**16.3**     The failure of the Court to approve any award as described in Section 16 of this Agreement shall not be grounds for Plaintiff, the Settlement Class, Settlement Class Members, Class Counsel, or any other Person to terminate this Agreement.

**16.4**     To terminate this Agreement, a Party, Cruise Defendants' Counsel, or Class Counsel shall provide written notice of termination to all other Parties, including such Parties' respective counsel, and file such written notice with the Court.

**16.5**     If the Settlement or this Agreement is terminated, or the Effective Date does not occur for any reason whatsoever:

(a)     This Agreement, the Settlement, and all negotiations, proceedings, documents, and statements made or prepared in connection therewith shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession of any Party whatsoever;

(b)     The Parties shall stand in the same procedural posture as if this Agreement had not been negotiated, made, or filed with the Court;

(c)     The class-certification of this Agreement shall have no further force and effect and shall not be offered in evidence or used in this Action or in any other proceedings for any reason whatsoever; and

(d)     Class Counsel and Cruise Defendants' Counsel may seek to have any orders, filing, or other entries reflected on the Court's docket in any way based upon, arising out of, relating to, or otherwise in connection with this Agreement set aside, withdrawn, vacated, and/or stricken from the record.

**16.6     Revert to Status Quo if Plaintiff or Cruise Defendants' Terminate**. It is the express intent of the Parties that should any Party terminate this Agreement pursuant to Section 16

of the Agreement for any reason whatsoever, the Agreement will be of no force and effect and the Parties' respective rights and defenses will be restored, without prejudice, as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be set aside, withdrawn, vacated, and/or stricken from the record. However, any payments made to the Settlement Administrator for services rendered through the date of termination will not be refunded to the Cruise Defendants if the Cruise Defendants terminate the Agreement. If Plaintiff terminates the Agreement, Plaintiff shall reimburse the Cruise Defendants for any payments made to the Settlement Administrator for services rendered through the date of termination. It is the express intent of the Parties that should this Agreement not be approved in full by the Court, any Party may terminate the Agreement and revert to the status quo ante prior to the Settlement and Cruise Defendants shall have no obligation to pay any monies whatsoever referenced in this Agreement.

**17.0   CLASS COUNSEL'S FEE AWARD AND COST REIMBURSEMENT; INCENTIVE AWARD**

**17.1   Attorneys' Fees and Costs**. Within seventy-five (75) days following entry of the Preliminary Approval Order, Class Counsel may file with the Court a Fee and Cost Application seeking a Fee Award of Attorneys' Fees and Costs to be paid exclusively from the Settlement Fund, which Fee and Cost Application shall be subject to approval by the Court. The Fee and Cost Application may seek up to thirty percent (30%), plus any out-of-pocket costs incurred by Class Counsel in this Action. The Cruise Defendants or Cruise Defendants' Counsel have not agreed to the Fee and Cost Application and reserve the right to object and/or respond to same. The Fee and Cost Application shall be noticed to be heard at the Final Approval Hearing. The Settlement Administrator shall disburse any Fee Award of Attorney's Fees and Costs, including any out-of-

pocket costs incurred by Class Counsel in this Action, to Class Counsel within fifteen (15) days after the Effective Date, but prior to the issuance of any allocation to any Settlement Class Member.

**17.2    Incentive Award.** Within thirty (30) days following entry of the Preliminary Approval Order, the Class Representative may file with the Court an application seeking an Incentive Award of up to five thousand U.S. Dollars ($5,000.00), which application shall be subject to approval by the Court. The Cruise Defendants have not agreed to this incentive award and reserve the right to object and/or respond to same. The Fee and Cost Application shall be noticed to be heard at the Final Approval Hearing. If awarded, the Settlement Administrator shall disburse any Incentive Award to Class Representative within fifteen (15) days after the Effective Date and only after receiving any and all necessary W-9 form(s) from Class Representative, but prior to the issuance of any allocation to any Settlement Class Member.

**18.0    NO ADMISSION OF LIABILITY**

**18.1**    The Cruise Defendants deny any liability or wrongdoing of any kind associated with the alleged claims in the Action, including the wage claims. The Cruise Defendants have denied and continue to deny each and every factual allegation and all claims asserted against them in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by the Cruise Defendants that the Action is properly brought individually and/or on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Cruise Defendants or of the truth of any of the allegations in the Action; (ii) are not and

will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Cruise Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**18.2**     Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**19.0   GENERAL PROVISIONS**

**19.1     Mutual Cooperation and Reasonable Best Efforts**. The Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Agreement, and the Final Approval Order and Judgment, and to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**19.2     Final Agreement**. The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

**19.3    Informed Consent**. Each Party hereto acknowledges that he or it has been represented by independent counsel of his or its own choosing (or had the opportunity to and waived its right to do so), that such Party has had the full right and opportunity to consult with such counsel, that such Party availed himself or itself of this right and opportunity (or waived the opportunity to do so), that such Party or such Party's authorized officer or representative has carefully read and fully understands this Agreement in its entirety, that such Party is fully aware of the contents thereof and its meaning, intent and legal effect, and that such Party or such Party's authorized officer or representative is competent to execute this Agreement and has executed this Agreement free from coercion, duress or undue influence.

**19.4    Agreement Not to Be Used as Evidence**. The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, in any proceeding whatsoever as an admission, concession, or evidence of the validity of any Released Claims, the truth of any facts alleged by the Class Representative in the Action, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of either the Settlement Fund, the Fee Award, or the Incentive Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal

to, less than, or greater than that amount that could have or would have been recovered after trial; and

      (c)     is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiff or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **19.5**    **Construction**. Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof," "herein", "hereby", "hereunder", and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

      **19.6**    **Waiver**. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

      **19.7**    **Attorney's Fees and Costs**. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

      **19.8**    **Authority to Execute Agreement**. Each counsel or other Party executing this Agreement, any of its exhibits, or any related Settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**19.9    Counterparts**. This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signature by facsimile, digital or in PDF format shall be treated as original signatures and shall be binding.

**19.10.   Time Periods**. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**19.11   Agreement Binding on Successors in Interest**. This Agreement shall be binding upon, and inure to the benefit of, the successors, representative, and assigns of the Parties, the Settlement Class Members, and the Released Parties.

**19.12.   Resolution of Disputes**. Any disputes regarding the administration of this Agreement that the Parties cannot resolve amongst themselves will be decided by the Court.

**19.13   No Oral Modifications**. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of Cruise Defendants and Plaintiff, and approved by the Court.

**19.14   Publicity and Confidentiality**. Plaintiff and Class Counsel agree that they shall not initiate any publicity of the Settlement other than to state generally that the Parties have reached a settlement that is mutually reasonable to all Parties and Class Members. Any other statements to the press or on social media shall be approved in writing by all Parties.

**19.15   Entire Agreement**. This Agreement, the exhibits hereto, and the terms and conditions herein constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**19.16   Governing Law**. This Agreement shall be governed by the laws of the State of Florida.

**19.17   Notice**. Unless otherwise stated herein, any notice to the Parties required or provided under this Agreement shall be in writing and may be sent by electronic mail, overnight delivery by a national recognized courier service (i.e., UPS, FedEx, or the equivalent), or hand delivery as follows:

    **(a)**    **If to Class Counsel:**

        Michael Winkelman, Esq.
        LIPCON, MARGULIES, ALSINA & WINKELMAN, P.A.
        One Biscayne Tower, Suite 1776
        2 South Biscayne Boulevard
        Miami, FL 33133

    **(b)**    **If to Cruise Defendants' Counsel:**

        Catherine J. MacIvor, Esq.
        FOREMAN FRIEDMAN, PA
        2 South Biscayne Blvd., Suite 2300
        Miami, FL 33131

**19.18   No Construction Against Drafter**. This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of neutral mediators. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**19.19   Headings**. The headings or titles used herein are used for the purpose of convenience only and are not meant to have legal effect.

**19.20   Exhibits**. All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by reference.

**19.21   Jurisdiction**. The Court shall retain jurisdiction to implement and enforce the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing this Agreement.

**19.22   Severability**. In the event that any provision of this Agreement or the application thereof is held invalid or ruled unenforceable under applicable law, such invalidity does not affect the other provisions, which will continue in full force and effect without regard to such provision.

**20.0   Public Statements.** The Parties and their counsel shall not make statements to the media or the public regarding the resolution of this litigation other than statements that express approval of the resolution and background information provided in documents of record. Any such public statements by counsel of record must be approved by all Parties. The Parties and their counsel agree not to disparage each other in statements to the press.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed.

*[**Remainder of page intentionally left blank; signature blocks on following page**]*

**On behalf of Plaintiff and the Settlement Class**

Plaintiff, Dragan Janicijevic, individually and on behalf of the Settlement Class,

Dated: _09/10/2020_          By: _____

**It is so Stipulated by Counsel**

**The Moskowitz Law Firm**

Dated: _9/9/20_          By: _____

**Lipcon, Margulies, Alsina & Winkelman, P.A.**

Dated: _9/10/20_          By: _____

**On Behalf of Cruise Defendants Classica Cruise Operator, Ltd. and Paradise Cruise Line Operator Ltd. Inc.**

**Classica Cruise Operator, Ltd.**

By: _____

Dated: _____          Title: _____

**Paradise Cruise Line Operator Ltd. Inc.**

By: _____

Dated: _____          Title: _____

**It is So Stipulated by Counsel:**

**Foreman Friedman, P.A.**

Dated: _____          By: _____

**On behalf of Plaintiff and the Settlement Class**

Plaintiff, Dragan Janicijevic, individually and on behalf of the Settlement Class,

Dated: _____      By: _____

**It is so Stipulated by Counsel**

**The Moskowitz Law Firm**

Dated: _____      By: _____

**Lipcon, Margulies, Alsina & Winkelman, P.A.**

Dated: _____      By: _____

**On Behalf of Cruise Defendants Classica Cruise Operator, Ltd. and Paradise Cruise Line Operator Ltd. Inc.**

**Classica Cruise Operator, Ltd.**

By: _____

Dated: _09/09/2020_      Title: _____CEO_____

**Paradise Cruise Line Operator Ltd. Inc.**

By: _____

Dated: _09/09/2020_      Title: _____CEO_____

**It is So Stipulated by Counsel:**

**Foreman Friedman, P.A.**

Dated: _9/9/2020_____      By: _____

# Exhibit 1
# to Settlement Agreement

<u>**EXHIBIT 1**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 20-23223-CIV-BLOOM**

DRAGAN JANICIJEVIC, on his own
behalf and on behalf of all other similarly
situated crew members working aboard
BAHAMAS PARADISE CRUISE LINE
vessels

       Plaintiff,

          v.

CLASSICA CRUISE OPERATOR, LTD.
and PARADISE CRUISE LINE
OPERATOR LTD.

       Defendants.
_____/

<u>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION**</u>
<u>**SETTLEMENT AND ENTERING FINAL JUDGMENT**</u>

The claims of Settling Dragan Janicijevic, on behalf of himself and all Settlement Class

Members, and Defendants  Classica Cruise Operator Ltd. and Paradise Cruise Line Operator Ltd.

[collectively referred to herein as "Defendants"], have been settled pursuant to the Stipulation and

Settlement Agreement dated September 10, 2020 (the "Settlement Agreement"). On _____,

2020, the Court granted preliminary approval of the proposed class action settlement set forth in

the Settlement Agreement and provisionally certified the Settlement Class for settlement purposes

only [DE___].

On _____, 2021, the Court held a duly noticed Final Approval Hearing to

consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable

and adequate; (2) whether Judgment should be entered dismissing the Settling Plaintiff's claims on the merits and with prejudice, including the claims of Settlement Class Members; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel and a Case Contribution Award to the Settling Plaintiff.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Settlement Agreement.

2.     The Court has personal jurisdiction over Settling Plaintiff, the Defendants, and Settlement Class Members, venue is proper, the Court has subject-matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Judgment.  Without in any way affecting the finality of this Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3.     The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Litigation and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in mediation and extensive negotiations. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Settling Plaintiff are typical of the claims of the Settlement Class Members he seeks to represent; (d) Settling Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class Members for purposes of the Settlement; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Accordingly, and pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class.

5.      Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, which shall consist of the following:

> [A]ll seafarer-employees who were employed, worked and were physically present on the Cruise Defendants' vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020. "Seafarer-employees" shall not include Cruise Defendants' corporate officers or corporate directors.

6.      The Court finally designates the law firms of Lipcon, Margulies, Alsina & Winkleman, P.A. and The Moskowitz Law Firm, PLLC as Class Counsel for the Settlement Class.

7.      The Court finally designates Settling Plaintiff Dragan Janicijevic as the Settlement Class representative.

8.      The Court makes the following findings with respect to Class Notice to the Settlement Class:

8.1.    The Court finds that the distribution of direct Notice, Claim Form, Claim Form Instructions, and the creation of the Settlement Website and a toll-free telephone number for Class Member questions, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances that was reasonably calculated, under the circumstances, to apprise Noticed Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.2.    Class Counsel has filed with the Court a declaration from _____.  _____, attesting that the Mail Notice, Claim Form, and Claim Form Instructions were mailed to Noticed Class Members on _____, and the Settlement Website was established on _____. Adequate Class Notice was given to the Noticed Class Members in compliance with the Settlement Agreement and the Preliminary Approval Order.

9.    Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Mail Notice and on the Settlement Website. The Court finds that the individual interests of the _____ persons who timely sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if he or she so desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit 1.

10.    Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, et seq., in connection with the proposed Settlement.

11.     [description of objections, if any]. The Court finds that the objections to the Settlement do not establish that the proposed Settlement is unfair, unreasonable, inadequate, or should otherwise not be approved, and are hereby overruled.

12.     By failing to timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the Case Contribution Award to the Settling Plaintiff, in accordance with the procedure set forth in the Mail Notice and mandated in the Preliminary Approval Order, Settlement Class Members are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13.     The terms and provisions of the Settlement Agreement, including all Exhibits attached thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally terminating all Released Claims of all Releasing Persons in this Litigation against the Released Parties, on the merits and with prejudice.

14.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel's attorneys' fees and expenses in the amount of _____ dollars ($_____) payable by Defendants pursuant to the terms of the Settlement Agreement. The Court also awards a Case Contribution Award in the amount of $_____ to Settling Plaintiff Dragan Janicijevic, payable by Defendants pursuant to the terms of the Settlement Agreement. Defendants shall not be responsible for, and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, the attorneys' fees and expenses awarded by the Court.

15.     The terms of the Settlement Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have res judicata and preclusive effect in and on, all claims and pending and future lawsuits maintained by Settling Plaintiff and/or each Settlement Class Member, as well as each of their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and all other Releasing Persons.

16.     The Releases, which are set forth in Section 15 of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the entry of this Judgment. Each of the Released Parties is forever released, relinquished, and discharged by each Releasing Person, including all Settlement Class Members, from all Released Claims (as that term is defined below and in the Settlement Agreement).

16.1.     The definitions in the Settlement Agreement are incorporated in and are part of this Judgment.

16.2     Each Releasing Party shall, by operation of this Judgment, be deemed to have released any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements (oral or written), extracontractual claims, damages, actual, statutory, punitive, exemplary or multiplied damages, expenses, costs, attorney's fees and/or obligations, whether in law or equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on 46 USC § 10313, 46 USC § 10504, 18 USC § 1595,

federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, promises, representations, omissions or failures to act regarding any and all alleged unpaid wages or monies promised, including all past, present and future claims that were brought or could have been brought in the Action concerning any of the claims raised therein.

      16.3    In agreeing to the foregoing Release, Settling Plaintiff, for himself and on behalf of Settlement Class Members, shall be deemed to have acknowledged that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity. Settling Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Settling Plaintiff and each Settlement Class Member shall be deemed to have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims. Further, Settling Plaintiff and each Settlement Class Member shall be bound by this Agreement, including by the Releases, and all of their claims in the Litigation asserted against Defendants shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received the Mail Notice of the Settlement, did not otherwise have knowledge of the Settlement, or never received Claim Settlement Relief. The Settling Parties shall be deemed to have acknowledged that the foregoing

Releases were bargained for and are a material element of the Settlement Agreement.

16.4.   Released Claims do not apply to new claims arising after the close of the Settlement Class Period based on conduct that took place after the close of the Settlement Period. Nothing in the Order shall be deemed a release of any Settlement Class Member's respective rights and obligations for such Post Settlement Claims.

16.5.   Settling Plaintiff and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Litigation, and Settling Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Litigation.

16.6   Settling Plaintiff and each Settlement Class Member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

16.7   The Releases do not affect the rights of Noticed Class Members who timely and properly submitted a Request for Exclusion.

16.8   The Settlement Agreement shall be the exclusive remedy for all Settlement Class Members with regards to the Released Claims.

17.   Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions shall be:

17.1.   Offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation against any Released Party, or other judicial or administrative proceeding, or the deficiency of any defense that has been

or could have been asserted in the Litigation or in any litigation against any Released Party, or of any liability, negligence, fault or wrongdoing of any Released Party;

17.2.   Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

17.3   Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

17.4   Offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

18.   In the event that the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties will be restored to their positions as of August 20, 2020.

19.   This Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.     Settling Plaintiff and all Settlement Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining (including claims or actions already filed), intervening in, defending, or participating in (as parties, class members or otherwise) any action in any jurisdiction before any court or tribunal based on, arising from, or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; or (b) organizing any Settlement Class Members, or soliciting the participation of any Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) in any jurisdiction before any court or tribunal based on or relating to any of the Released Claims or the facts and circumstances relating thereto. Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction. The foregoing injunction is issued in order to protect the continuing jurisdiction of the Court and to effectuate and implement the Settlement Agreement and this Judgment.

21.     Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction

that are based on Released Claims pursuant to the Settlement Agreement and this Judgment, and that are enjoined pursuant to this Judgment.

22. The claims of Settling Plaintiff, individually and on behalf of the Settlement Class, including all individual claims and class claims presented herein, are hereby dismissed on the merits and with prejudice against Defendants without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

23. Settling Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

24. Pursuant to Rule 54(b), the Court hereby enters Judgment as described herein and expressly determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

DONE and ORDERED in Miami, Florida, this _____ day of _____, 2021.


_____
BETH BLOOM
UNITED STATES MAGISTRATE JUDGE

# Exhibit 2
# to Settlement Agreement

# EXHIBIT 2

# NOTICE OF CLASS ACTION SETTLEMENT

### *Janicijevic v. Classica Cruise Operator, Ltd., et al.*
### Case No. 20-cv-23223
United States District Court for the Southern District of Florida

If you were a seafarer-employee who was employed, worked and was physically present on the cruise vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020, you could receive a cash award from a class action settlement. The proposed class excludes deck and engine employees, independent contractors.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If you were a seafarer-employee who was employed, worked and was physically present on the cruise vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020, this Settlement will provide you with an opportunity to claim a cash award if you are eligible.

- This notice explains what the class action lawsuit is about, what the Settlement will be if it is approved by the Court, whether you qualify to submit a claim for a cash award based on the Settlement, and what to do if you want to: (i) submit a claim; or (ii) object to the Settlement; or (iii) not participate in the Settlement and instead "opt out" of the class action. This notice also tells you how to get more information if you want it.

- If you decide to submit a claim, you must follow the Instructions for the Claim Form, and fill out the Claim Form mailed to you with this notice. Everyone submitting a Claim Form must complete the Claim Form truthfully.

- An $875,000 common fund has been established to resolve this action.

- All claimants who meet the requirements of the Settlement and who timely submit valid and properly completed Claim Forms are eligible for two types of payments. Wage Claim Type 1 claimants will receive payment of two (2) months wages crewmember wages at the rate of pay established by each Settlement Class Member's contract of employment in effect as of March 18, 2020 with the amount of the payment based on the salary listed on the employment contract for each Approved Claim. Wage Claim Type 2 claimants will receive a payment of $1,000 for each Approved Claim for any and all work performed on the Cruise Defendants' vessels during the Claims Period for each Approved Claim.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. PLEASE READ THIS NOTICE CAREFULLY, AND GET MORE INFORMATION IF YOU NEED IT. THE NOTICE WILL TELL YOU HOW TO GET THAT INFORMATION.

QUESTIONS? CALL 1-_____ TOLL FREE OR VISIT www._____.com

## <u>WHAT THIS NOTICE CONTAINS</u>

BASIC INFORMATION ...................................................................PAGE ___
    1.  Why Was This Notice Sent To Me?
    2.  What Is This Notice?
    3.  What Is This Lawsuit About?
    4.  Why Is There A Settlement?

SETTLEMENT CLASS MEMBERSHIP ...........................................PAGE ___

    5.  Who Is a Settlement Class Member?
    6.  What If I Am Not Sure Whether I Am Included In The Settlement Class?

THE SETTLEMENT TERMS AND BENEFITS  ..................................PAGE ___

    7.  What Are The Terms Of The Settlement?
    8.  How Do I Receive A Cash Award?
    9.  How Do I Know The Amount Of A Cash Award I Am Eligible For?
    10. When Would I Receive My Cash Award?
    11. What Am I Giving Up To Be Part Of The Settlement Class?
    12. What Happens If I Do Nothing?

EXCLUDING YOURSELF FROM THE SETTLEMENT  ...................................PAGE ___

    13. How Do I Get Out Of The Settlement?
    14. What If I Do Not Opt Out Of The Settlement?
    15. If I Exclude Myself, Can I Receive Money From This Settlement?

OBJECTING TO THE SETTLEMENT  ...............................................PAGE ___

    16. How Can I Object To The Settlement?

THE LAWYERS REPRESENTING YOU ...........................................PAGE ___

    17. Do I Have A Lawyer In This Case?
    18. How Will The Class Counsel Lawyers Be Paid?

THE COURT'S FAIRNESS HEARING  ............................................PAGE ___

    19. When And Where Will The Court Decide Whether To Approve The Settlement?
    20. As A Settlement Class Member, May I Speak At The Hearing?

GETTING MORE INFORMATION ....................................................PAGE ___

    21. Where Can I Get More Details About The Settlement?

**QUESTIONS? CALL 1-_____TOLL FREE OR VISIT www._____.com**

## BASIC INFORMATION

### 1.      WHY WAS THIS NOTICE SENT TO ME?

This Notice was sent to you because the Defendants' records indicate that you you were a seafarer-employee who was employed and physically present on the cruise vessels *Grand Classica* and *Grand Celebration* between March 18, 2020 until August 20, 2020.

The Court ordered this Notice to be sent to you because you have a right to know about the proposed Settlement of this class action lawsuit, which concerns failure to pay wages and other claims by Defendants, and about your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement, and if you satisfy the claim criteria and submit a timely and valid claim, you will receive a cash award. However, the cash award will not be issued until any objections or appeals are resolved.

### 2.      WHAT IS THIS NOTICE?

This Notice is part of a package sent to potential Settlement Class Members like you. The package includes this Notice, the Instructions for the Claim Form, and the Claim Form. This package also explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of Florida, and the case is called *Janicijevic v. Classica Cruise Operator, Ltd., et al.,* Case No. 1:20-cv-23223.

Plaintiff Dragan Janicijevic sued on behalf of you and all Settlement Class Members and is called the "Plaintiff." The companies he sued, Classica Cruise Operator, Ltd. and Paradise Cruise Line Operator Ltd., are called the "Defendants."

### 3.      WHAT IS THIS LAWSUIT ABOUT?

In this lawsuit, Plaintiff alleges that Defendants failed to abide their contractual agreements with their crewmembers. Pursuant to Plaintiff's employment contracts, Defendants are required to pay Plaintiff and the Class two months of wages and/or Basic Pay Severance upon Defendants terminating Plaintiff's employment contracts. Yet when the COVID pandemic halted all sailings, Plaintiff alleges that Defendants forced all crewmembers aboard the ship to sign a document stating they were voluntarily staying onboard, without pay, violating their contracts.

This lawsuit also deals with Defendants' failure to timely repatriate its crew members. The crew claim that they were unnecessarily kept on the ships for months on end, many thousands of miles away from their homes and families.

Defendants expressly deny Plaintiff's allegations and assert their actions were and are fully authorized under the law. They also expressly deny that they did anything wrong. There has been no court decision on the merits of this case and no finding that Defendants committed any wrongdoing.

**4.     WHY IS THERE A SETTLEMENT?**

Both sides have agreed to a Settlement to avoid the cost and risk of a trial and so that seafarer-employees can get benefits in exchange for releasing Defendants from liability.

<u>**SETTLEMENT CLASS MEMBERSHIP**</u>

**5.     WHO IS A SETTLEMENT CLASS MEMBER?·**

To see if you will be affected by this class action, you first have to determine if you are a member of the Settlement Class. The "Settlement Class" includes:

All seafarer-employees who were employed, worked and were physically present on the Cruise Defendants' vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020.

"Seafarer-employees" shall not include Cruise Defendants' corporate officers or corporate directors.

**6.     WHAT IF I AM NOT SURE WHETHER I AM INCLUDED IN THE SETTLEMENT CLASS?**

If you are not sure whether you are included in the Settlement Class, or if you have questions about the case, call the toll free number, 1-_____, or visit the Settlement Website at www._____.com.

<u>**THE SETTLEMENT TERMS AND BENEFITS**</u>

**7.     WHAT ARE THE TERMS OF THE SETTLEMENT?**

Defendants have agreed to create a settlement fund in the amount of $875,000.00 to provide cash payments to Settlement Class Members for contractual lost wages and any amounts due for time worked without pay. The Settlement Fund will be allocated as follows: first it will be used to pay any attorneys' fee and expense award to Co-Lead Class Counsel and any incentive award to Class Representative that are approved by the District Court and any and all administrative costs (the result is the "Net Settlement Fund"). The Net Settlement Fund will be divided and distributed as individual allocations to the Settlement Class Members who do not opt out. If the Claims Received exceed the Net Settlement Fund, each Settlement Class Member shall have their amounts reduced p*ro rata.* Any remaining Net Settlement Funds that remain after final approval and distribution to valid and approved class members shall revert to Bahamas Paradise.

**Each Settlement Class Member must submit a Claim Form to be eligible to receive a payment.**

**8.     HOW DO I RECEIVE A CASH AWARD?**

To receive a cash award, you must be a Settlement Class Member and must send in a properly completed and accurate Claim Form by U.S. Mail, postmarked by _____, 20___ ("Claim Deadline") or, if a private mail carrier is used, a label reflecting a sending date no later than the Claim Deadline. You may also email a completed Claim Form to _____@_____.com, no later than midnight Eastern Time on the Claim Deadline.

The Claim Form Instructions and a Claim Form have been sent to you with this Notice. You may also obtain a Claim Form on the Settlement Website at www._____.com, or you can ask for one by calling toll-free, 1-_____. Please read the Claim Form Instructions carefully, complete the Claim Form, sign it, and mail it postmarked or submit online on the Settlement Website no later than _____. If your Claim Form is not properly completed and/or all required information is not provided, you will not be paid.

**9.      HOW DO I KNOW THE AMOUNT OF A CASH AWARD I AM ELIGIBLE FOR?**

Settlement Class Members who submit a properly completed Claim Forms are eligible for two types of payments. Wage Claim Type 1 claimants will receive payment of two months wages two (2) months crewmember wages at the rate of pay established by each Settlement Class Member's contract of employment in effect as of March 18, 2020 with the amount of the payment based on the salary listed on the employment contract for each Approved Claim. Wage Claim Type 2 claimants will receive a payment of $1,000.00 for each Approved Claim for any and all work performed on the Cruise Defendants' vessels during the Claims Period for each Approved Claim.

**10.     WHEN WOULD I RECEIVE MY CASH AWARD?**

The Court will hold a hearing on _____, 20___ to determine whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain when any appeals, if filed, will be resolved. Cash payments will be distributed after the Settlement becomes final and effective, which means after all appeals have been resolved. Please be patient.

**11.     WHAT AM I GIVING UP TO BE PART OF THE SETTLEMENT CLASS?**

Unless you exclude yourself from the Settlement Class, you will remain in the Settlement Class. That means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the issues that were or could have been raised in this case. It also means that all of the Court's orders concerning the Settlement Class will apply to you and legally bind you, including the Releases described in detail in Section 15 of the Settlement Agreement. The Releases describe the legal claims that you give up if this Settlement is approved and you do not exclude yourself. Please carefully read the Releases in the Settlement Agreement.

**12.     WHAT HAPPENS IF I DO NOTHING?**

If you do nothing as a Settlement Class Member, you'll receive no money from this Settlement. But, unless you exclude yourself from the Settlement, you will not be able to start a lawsuit or continue with a lawsuit against Defendants about the legal issues that were or could have been raised in this case, ever again.

<u>**EXCLUDING YOURSELF FROM THE SETTLEMENT**</u>

**13.     HOW DO I GET OUT OF THE SETTLEMENT?**

If you are within the definition of the Settlement Class (see Answer #5), you are automatically a member of the Settlement Class. However, you can exclude yourself, or "opt-out" of the Settlement Class, if you do not wish to participate. This means you will receive no payment as part of this Settlement nor any of the Settlement benefits.

You cannot ask to be excluded over the phone or on the internet. To exclude yourself, you must mail a written request for exclusion to the Settlement Administrator and that the Request for

Exclusion must clearly indicate the name, address, telephone number, and passport number of the Person seeking exclusion, the name and case number of the Action, a clear and unequivocal statement under penalty of perjury that the person seeking exclusion believes he or she is a member of the settlement class and a statement with enough factual information to demonstrate that the Person is eligible to be a Settlement Class member, a statement that the Person wishes to be excluded from the Settlement Class, and the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person. You cannot "opt out" of the Settlement on behalf of other members of the Settlement Class.

## 14. WHAT IF I DO NOT OPT OUT OF THE SETTLEMENT?

Any member of the Settlement Class who does not opt out of the Settlement in the manner and by the deadline described above will be part of the Settlement Class, will be bound by all Orders and proceedings in this action, and will give up the right to sue any of the Defendants for the claims that this Settlement resolves. If you want to opt out, you must take timely affirmative written action even if you have filed a separate action against any of the Defendants or are a putative class member in any other class action filed against any of the Defendants. If you have a pending lawsuit, please contact your lawyer in that lawsuit immediately. Remember, the exclusion deadline is _____.

## 15. IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY FROM THIS SETTLEMENT?

No. If you exclude yourself from the Settlement Class, do not send in a Claim Form to ask for any money. But, you may sue or continue to sue Defendants individually, or you may be part of a different lawsuit against Defendants.

<u>OBJECTING TO THE SETTLEMENT</u>

## 16. HOW CAN I OBJECT TO THE SETTLEMENT?

You may object to or comment on all or part of the proposed Settlement if you are a Settlement Class Member and do not opt out of the Settlement. To do so, you (or your attorney at your expense) must submit a valid objection.

To be valid, your objection must be in writing, personally signed by you, and must include: (a) the case name and number; (b) your name, address, telephone number, and, if represented by an attorney, his or her contact information; (c) the basis for your objection; and (d) a statement of whether you intend to appear at the Final Approval Hearing.

Your objection must be filed with the Clerk of Court, with copies mailed to counsel for all of the parties identified below, postmarked no later than _____:

| CLERK OF THE COURT | CLASS COUNSEL |
|---|---|
| Clerk of the United States District Court for the Southern District of Florida<br>400 North Miami Avenue<br>8th Floor<br>Miami, FL 33128 | Michael A. Winkleman<br>Lipcon, Margulies, Alsina & Winkleman, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131 |

**QUESTIONS? CALL 1-_____ TOLL FREE OR VISIT** www._____.com          4

| COUNSEL FOR DEFENDANTS | |
|---|---|
| Catherine J. MacIvor<br>Foreman Friedman, PA<br>One Biscayne Tower, Suite 2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131 | |

## THE LAWYERS REPRESENTING YOU

### 17.    DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the following lawyers to represent you and all other Settlement Class Members. Together, these lawyers are called Class Counsel. You will not be charged any money to pay for these lawyers.

| | |
|---|---|
| Michael A. Winkleman<br>Lipcon, Margulies, Alsina &<br>Winkleman, P.A.<br>One Biscayne Tower, Suite<br>1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>mwinkleman@lipcon.com<br>(305)373-3016 | Adam M. Moskowitz<br>The Moskowitz Law Firm,<br>PLLC<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134 |

### 18.    HOW WILL THE CLASS COUNSEL LAWYERS BE PAID?

Class Counsel will ask the Court for attorneys' fees and expenses up to $262,500.00, and a case contribution award of $5,000.00 paid to Settling Plaintiff Dragan Janicijevic for his time and effort in the matter. The Court may award less than these amounts.

The attorneys' fees and expenses and the case contribution shall come from the Settlement Fund. Defendants have agreed not to oppose the applications by Class Counsel for attorneys' fees and expenses or the case contribution award to Settling Plaintiff that do not exceed those amounts.

### THE COURT'S FINAL APPROVAL HEARING

### 19.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing about the Settlement at __ :00 .m. on _____, in Courtroom 10-2 at the Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Miami, FL 33128. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and Class Counsel's applications for attorneys' fees and expenses and case contribution award to the Settling Plaintiff. If there are valid and timely objections, the Court will consider them.

The Court may listen to people who have properly asked in writing beforehand to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long this decision will take.

**20.     AS A SETTLEMENT CLASS MEMBER, MAY I SPEAK AT THE HEARING?**

You cannot speak at the hearing if you have excluded yourself from the Settlement Class. However, if you are a member of the Settlement Class, you may ask the Court for permission for you or your attorney to speak at the hearing. To do so, you must file with the Clerk of the Court and serve on all counsel for the parties (at the addresses identified above in Answer #16) a notice of intention to appear at the hearing. The notice of intention to appear must include the case name and number; your name, address, telephone number, and signature, and, if represented by counsel, their contact information; and copies of any papers, exhibits, or other evidence that you intend to present to the Court in connection with the hearing. The notice of intention to appear must be filed with the Clerk of Court and served on all counsel no later than _____, 202__.

If you do not file a notice of intention to appear by this deadline and/or follow the requirements in the Settlement Agreement and this Notice, you will not be entitled to appear at the hearing to raise any objections.

## <u>GETTING MORE INFORMATION</u>

**21.     WHERE CAN I GET MORE DETAILS ABOUT THE SETTLEMENT?**

This notice summarizes the lawsuit and Settlement. More details are in the Settlement Agreement, which is available on the Settlement Website at www._____.com. You may also contact Class Counsel, identified in Answer 17 above.

In addition, you may call 1-_____ toll free, or visit the Settlement Website, to find answers to common questions about the Settlement, a Claim Form, and other information to help you determine whether you are eligible for a payment from this Settlement.

Date: _____

## PLEASE DO NOT CALL OR WRITE THE COURT, THE JUDGE OR HER STAFF, FOR INFORMATION OR ADVICE ABOUT THE SETTLEMENT

Exhibit 2

# Instructions for CLASS ACTION CLAIM FORM

> The Claims Administrator must receive this Claim Form in an envelope post-marked no later than
> _____, 20__ in order for it to be considered.
>
> You may also email the Claim Form on or before 11:59 p.m. on _____, 2020.

**Important Information About**
**Making a Claim for Settlement Relief**

| I.        HOW TO MAKE A CLAIM FOR SETTLEMENT RELIEF |

     a.   <u>Eligibility for Relief</u>

If you were a seafarer-employee who was employed, worked and was physically present on the cruise vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020, you could receive a cash award from a class action settlement, and you may be entitled to a cash payment ("Settlement Relief").

     b.   <u>How to Make a Claim for Settlement Relief</u>

If you are entitled and wish to make a claim for Settlement Relief, you ***must*** complete the enclosed Class Action Claim Form ("Claim Form"), under penalty of perjury, and mail it to *Bahamas Cruise Settlement* , c/o _____, P.O. Box _____, _____, ___ _____--____, with a postmark of no later than _____, 20__, or, email to _____ before 11:59 p.m. on _____, 20__. If the Court approves the Settlement and enters Judgment on the date of the Fairness Hearing and no appeal is filed, the deadline to submit a properly completed and accurate Claim Form will be no earlier than _____ ___, 20__. If you fail to submit your Claim Form as required by these Instructions, you will not be able to obtain a settlement credit or payment.

     c.   <u>How to Complete the Claim Form To Determine What Settlement Relief, If Any, You Are Eligible For</u>

You must completely fill out the Claim Form with the information requested. You may not submit a Claim Form unless you meet all of the conditions described in Section 1 of the Claim Form and verify that you meet those conditions as required in the Claim Form. You MUST sign the Claim Form and attest the information is true and accurate to the best of your knowledge.

You are the Claimant.

1

      d.     <u>Review of Your Claim</u>

        Once you timely return your completed Claim Form, your claim will be reviewed by the Settlement Administrator. Subject to the audit of claims, if your Claim Form is properly completed, affirmed, and where appropriate verified, and the Settlement Administrator determines that your claim is valid, you will receive your Settlement Relief, subject to final approval by the Court.

      f.     <u>Audit of Claim Forms</u>

        CLAIMANTS ARE CAUTIONED TO NOT SUBMIT FRAUDULENT CLAIMS AS ALL CLAIMS ARE SUBJECT TO AUDIT.

| | |
|---|---|
| **II.** | **IF YOU NEED FURTHER INFORMATION** |

If you have any questions or would like further information about the terms of the Settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for settlement relief, you may visit www._____.com, call us toll-free at 1-800-xxx-xxxx, or write to: _____, _____, _____, _____, _____ XXXXX.

[NAME OF CLAIMANT]                    INFORMATION PREFILLED

### EXHIBIT B
# CLASS ACTION CLAIM FORM

PLEASE FULLY COMPLETE THIS CLAIM FORM AND SIGN IT BELOW.  INCOMPLETE CLAIM FORMS WILL BE DEEMED INVALID AND THE CLAIM MAY BE DENIED.

**TO BE COMPLETED BY ALL PERSONS LISTED ABOVE**:

1.     Claimant's Full Name               _____

2.     Employee ID number               _____

3.     Claimants' C1-D Visa Number    _____

4.     Claimant's Passport Number     _____

5.     Claimant's Permanent Address   _____
       (if different from the address   _____
       on the envelope enclosing        _____
       this Claim Form)                  _____

6.     Claimant's Permanent
       Telephone Number:               _____

7.     Claimant's Email Address         _____

### EMPLOYMENT AND WAGE INFORMATION

1.  Name of Vessel Worked
    on between March 18, 2020
    until August 20, 2020 without Pay   _____

2.  Dates You Worked on the Vessel(s)   _____
                                        _____
3.  Position(s) Held on Vessel(s)       _____
                                        _____
                                        _____

4.  All Dates You worked on the vessel(s) where you claim you were not paid?

3

_____

_____

_____

5.  Date Your Contract Started          _____

6.  Date Your Contract Ended            _____

7.  In What U.S. Port did you sign off?     _____

8.  List your normal monthly wages, including reasonably anticipated tips between March 18, 2020 until August 20, 2020:     _____

You must complete the following prior to submitting your claim:

☐  I affirm that I was employed as a crewmember on the *Grand Celebration* and/or the *Grand Classica* between March 18, 2020 and August 20, 2020.

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the United States of America that I am a member of the Settlement Class and that the information I am providing above is true and correct.

Signature: _____

Date (MM-DD-YY): _____/_____/_____

**Please mail this Form to** _____**.**

**You mail also Email a signed copy of this form to:**_____**.**

**Certain Claims Are Subject To Audit As Described In The Instructions.**

**Claimants Are Cautioned Not To Submit Fraudulent Claims As All Claims Are Subject To Audit.**

# Exhibit 3
# to Settlement Agreement

<u>**EXHIBIT 3**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 20-23223-CIV-BLOOM**

DRAGAN JANICIJEVIC, on his own
behalf and on behalf of all other similarly
situated crew members working aboard
BAHAMAS PARADISE CRUISE LINE
vessels

       Plaintiff,

         v.

CLASSICA CRUISE OPERATOR, LTD.
and PARADISE CRUISE LINE
OPERATOR LTD.

       Defendants.

_____/

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS FOR**
**SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND**
**SCHEDULING A FINAL APPROVAL HEARING**

Upon review and consideration of the Motion for Preliminary Approval of Class Action

Settlement of Settling Plaintiff[1] Dragan Janicijevic, on behalf of himself and all Settlement Class

Members, and Defendants Classica Cruise Operator Ltd. and Paradise Cruise Line Operator Ltd.

[collectively referred to herein as "Defendants"], including the Parties' Stipulation and Settlement

Agreement dated September 10, 2020 and all exhibits thereto, and the Court having been fully

advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

_____

[1]     Unless otherwise indicated, capitalized terms used throughout this Order shall have the meanings ascribed to them in the Settlement Agreement. [D.E. ___-1]

1.      **Settlement**. Settling Plaintiff and Defendants have negotiated a proposed settlement of Settling Plaintiff's claims in this action, individually and on behalf of a class of seafarer-employees, described below as the Settlement Class, to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against Defendants and any and all of their present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which the Cruise Defendants have a controlling interest, and any and all of their officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action).

2.      **Review.** The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are incorporated herein as though fully set forth in this Order.

3.      **Preliminary Approval**. The Settlement Agreement entered into by and among the Settling Plaintiff and Defendants was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate and within the range of possible approval. The Court finds that providing notice to the Settlement Class Members is justified by the showing that the Court likely will be able to approve the proposed Settlement under Rule 23(e)(2).

4.      **Settlement Class Relief**. The proposed Claim Settlement Relief to Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

> [A]ll seafarer-employees who were employed, worked and were physically present on the Cruise Defendants' vessels *Grand Classica* and *Grand Celebration* anytime between March 18, 2020 until August 20, 2020. "Seafarer-employees" shall not include Cruise Defendants' corporate officers or corporate directors.

5.    **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class:

(a)    The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)    The Settlement Class is so numerous that joinder of all members is impracticable. "[G]enerally, where the potential number of plaintiffs is likely to exceed forty members, the Rule 23(a) numerosity requirement will be met." *Williams v. Wells Fargo Bank, N.A.,*, 280 F.R.D. 665, 671-72 (S.D. Fla. 2012); *see, e.g., Anderson v. Bank of S., N.A.*, 118 F.R.D. 136, 145 (M.D. Fla. 1987) ("[T]he size of the class and geographic location of the would-be class members are relevant to any consideration of practicality."). Here, there are hundreds of Settlement Class Members.

(c)    There are questions of law or fact common to the members of the Settlement Class. The Settlement Class Members' claims raise common issues as to whether Defendants' conduct violated Jones Act, 46 U.S.C. § 30104, the Seaman's Wage Act, (46 U.S.C. §10313, 46 U.S.C. § 10504), as well as breached the contracts Defendants had with Settlement Class Members.

(d)    The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class. Typicality and commonality are related, with commonality referring to "the group characteristics of the class as a whole" and typicality focusing on the named plaintiff's claims in relation to the class. *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004). Plaintiff's claims in this case arise from the same alleged course of conduct and are based on the same legal theories as those brought on behalf of the proposed class. Therefore, the typicality prong is met.

(e)     Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement. Plaintiff has no interests antagonistic to those of the class and plaintiff's counsel is qualified, experienced and generally able to conduct the proposed litigation.

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class. Settlement Class Members' claims arise out of Defendants' alleged uniform conduct, and seek remedy of "common legal grievances" as a result of the conduct in question.

(g)     The Settlement Class is ascertainable. Defendants have identified each of the Settlement Class Members.

(h)     Resolution of the claims in this Litigation by way of a worldwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. Individual lawsuits by aggrieved class seafarer-employees would involve largely the same evidence, and waste judicial resources.

(i)     The Court expressly reserves its prerogative to revisit class certification pending further developments in this litigation.

6.     **Designation of Class Representative**. Settling Plaintiff Dragan Janicijevic is designated as the representative of the Settlement Class for the sole purpose of seeking a settlement of the claims against Defendants in the Litigation.

7.     **Designation of Class Counsel**. The law firms of Lipcon, Margulies, Alsina & Winkleman, P.A. and The Moskowitz Law Firm, PLLC are hereby designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

8.     **Final Approval Hearing**. A hearing regarding final approval of the Settlement

("Final Approval Hearing") will be held at    :00    ___.m. on _____ [at least 120 days after preliminary approval], 2021 in _____ before the Honorable Beth Bloom, to determine, among other things: (i) whether the classwide Settlement of Settling Plaintiff's claims against Defendants in the Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Settling Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settling Plaintiff and all Settlement Class Members and any person actually or purportedly acting on their behalf, from filing, commencing, prosecuting, maintaining, intervening in, participating in (as parties, class members or otherwise), and from organizing or soliciting the participation of other Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and proposed Case Contribution Award to Settling Plaintiff, should be approved.

9.    **Class Notice**.

9.1.    The Court approves the Class Notice as described in the Settlement Agreement, including the Mail Notice attached as Exhibit 2 to the Settlement Agreement and the manner of providing Mail Notice to Noticed Class Members described in Section 7 of the Settlement Agreement. The Court finds that Class Notice as described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under all the

circumstances, to apprise Noticed Class Members of the pendency of this Litigation, the terms of the Settlement Agreement, and their right to object to the Settlement or to exclude themselves from the Settlement Class. The Court further finds that Mail Notice, Publication Notice, the Settlement Website, and the other forms of Class Notice described in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of Fed. R. Civ. P. 23 and due process.

9.2.     The Mail Notice, in the form and content of Exhibit 2 to the Settlement Agreement, shall be mailed by the Settlement Administrator not more than thirty (30) Days after this Order, in the manner described in the Settlement Agreement. The Claim Form Instructions and Claim Form (also part of Exhibit 2), shall be included with the Notice, shall be included with the Mail Notice.

9.3     No later than the posting of the Mail Notice, the Settlement Administrator shall establish a Settlement Website that shall contain copies of the Settlement Agreement and Exhibits, the Preliminary Approval Order, the Mail Notice, Claim Form Instructions, Claim Form, and such other documents as Class Counsel and Defendants' Counsel agree upon. The Claim Form Instructions and Claim Form shall be available to download or print from the Settlement Website. In addition, the Settlement Website shall provide an email address to allow the submission of Claim Forms and via email. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www._____.com. The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief. The Settlement Website shall not include any advertising, and shall not bear or include any logos or trademarks of any of the Defendants.

9.4     The Notice and Claim form shall also provide a toll-free phone number,

so that Settlement Class Members may call and revise answers to any questions they may have.

9.5    Settlement Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Agreement as Exhibit 2, requesting Claim Settlement Relief in accordance with the terms of the Agreement. To be considered valid and timely, a Claim Form must be completed and signed by the Settlement Class Member and must be (a) if in paper form, mailed to the address of the Settlement Administrator as specified in the Claim Form and postmarked by the Claim Deadline, or (b) if submitted electronically, be completed and submitted by midnight ET on the Claim Deadline. The Claimant must also attest and affirm all of the information provided in his or her Claim under the following declaration: "I declare under penalty of perjury under the laws of the United States of America that the information provided by me on this Claim Form is true and correct." Submitted Claim Forms shall be reviewed and handled by the Settlement Administrator in accordance with the Settlement Agreement.

9.6    Not less than 10 Days prior to the Final Approval Hearing, Class Counsel shall file a declaration or affidavit from the Settlement Administrator with the Court regarding proof of mailing of the Mail Notice, establishing of the Settlement Website, and identifying the Noticed Class Members who timely submitted Requests for Exclusion.

9.7    Class Counsel and Defendants' Counsel as jointly agreed, along with the Settlement Administrator, are authorized to complete any missing information and to make any non-substantive revisions to the Claim Form, Claim Form Instructions, Mail Notice, and Publication Notice that do not materially reduce the rights of Noticed Class Members prior to disseminating them as necessary to fulfill the purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form, Claim Form Instructions, Mail Notice, and Publication Notice may be adjusted to accommodate printing, mailing and publication

considerations.

        9.8     Defendants shall comply with the notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

       10.     **Settlement Administrator**.  Given the size of the Class, the Court approves the Defendants and Class Counsel to jointly administer the settlement and implement the terms of the Settlement Agreement, and authorizes and directs Defendants and Class Counsel to (a) print and mail the Mail Notice, Claim Form, and Claim Form Instructions, (b) establish phone number for Settlement Class Member calls, (c) establish the Settlement Website, (e) receive and process Claim Forms, and (f) carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by Class Counsel and Defendants, all pursuant to and as provided in the Settlement Agreement.

       11.     **Exclusion from the Settlement Class.** Any Noticed Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked by _____, 202__ ("Opt Out Deadline"), which is no less than thirty (30) Days before the Final Approval Hearing.

       11.1.   To be valid, the Request for Exclusion must clearly indicate the name, address, telephone number, and passport number of the Person seeking exclusion, the name and case number of the Action, a clear and unequivocal statement under penalty of perjury that the person seeking exclusion believes he or she is a member of the settlement class and a statement with enough factual information to demonstrate that the Person is eligible to be a Settlement Class member, a statement that the Person wishes to be excluded from the Settlement Class, and the date

and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person.

11.2. A Noticed Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Noticed Class Member desiring to opt out of the Settlement Class (a) files or has filed a separate action against any of the Released Persons, or (b) is, or becomes, a putative class member in any other class action filed against any of the Defendants.

11.3. Except for those Noticed Class Members who timely and properly file a Request for Exclusion, all other Noticed Class Members will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, including, but not limited to, the Releases in the Settlement Agreement and a Judgment approving the Settlement.

11.4  If the proposed Settlement is finally approved, any Noticed Class Member who has not submitted a timely, written Request for Exclusion from the Settlement Class shall be bound by the Judgment and all subsequent proceedings, orders, and judgments in this Litigation and all provisions of the Settlement Agreement, including, but not limited to, the Releases provided in the Settlement Agreement, even if he or she has pending, or subsequently initiates, litigation against Defendants, or any Released Persons relating to any of the Released Claims as defined in the Settlement Agreement.

12.    **Objections and Appearances**.  Any Noticed Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Order and the Settlement Agreement may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member

who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and mail copies to Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement, by _____, 202___ (the "Objection Deadline"), which is no less than thirty (30) Days before the Final Approval Hearing.

<u>**For Settling Plaintiff and Settlement Class**</u>

Michael A. Winkleman
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131

<u>**Defendants' Counsel**</u>:

Catherine J. MacIvor
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, Florida 33131

12.1.    The requirements to assert a valid written objection shall be set forth in the Mail Notice and on the Settlement Website, and shall include: (a) the case name and number; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

12.2.    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Mail Notice and consistent with this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or

the terms of the Settlement Agreement by appeal or other means.

12.3    Subject to approval of the Court, any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court by the Objection Deadline a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature; and (b) serves copies of the Notice of Intention to Appear on all counsel designated in this Order by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least thirty (30) Days before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other requirements of this Order and the Settlement Agreement will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.    **Releases.** If the Settlement is finally approved, all Noticed Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as more fully described in Section 15 of the Settlement Agreement,.

14.    **Attorneys' Fees, Expenses and Case Contribution Award**. Settling Plaintiff and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Litigation in a total amount that exceeds 30% of the Gross Claim Fund. Class Counsel and Settling Plaintiff agree

not to seek a Case Contribution Award that exceeds $5,000.00 for Settling Plaintiff for his work and assistance in this Litigation. Defendants agree not to oppose applications for Attorneys' Fees and Expenses and Case Contribution Award that do not exceed the foregoing amounts.

14. **Preliminary Injunction.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement and the Settlement, all Noticed Class Members who do not timely exclude themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are hereby preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, intervening in, maintaining (including claims or actions already filed), or participating in (as parties, class members, or otherwise) any new or existing action or proceeding before any court or tribunal in any jurisdiction regarding any Released Claims against any Released Parties; or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims.

15. **Service of Papers.** Class Counsel and Defendants' Counsel and shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Class Counsel and Defendants' Counsel shall promptly furnish to each other any and all objections or written Requests for Exclusion that may come into their possession and shall file such objections with the Court on or before the Final Approval Hearing, unless such documents already appear on the Court's docket.

16.    **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of August 20, 2020, if: (a) the proposed Settlement is not finally approved by the Court, or the Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges; this Order or other judgment or order entered by the Court in accordance with the terms of the Settlement Agreement will be treated as vacated, *nunc pro tunc*; the Settlement Agreement and the Court's Orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

17.    **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of, or as evidence of, any fault, wrongdoing, breach, or liability, or by or against Settling Plaintiff or Noticed Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

18.     **Stay.**   All proceedings in the Litigation as to the claims of Settling Plaintiff against Defendants are stayed, including Defendants' obligation to file an answer or other response to the Second Amended Complaint, except as necessary to effectuate the terms of the Settlement.

19.     **Necessary Steps**.   The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Settlement Agreement.

SO ORDERED at Miami, Florida, this _____ day of _____, 2020.


_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record

14