# Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO: 20-23223-CIV-BLOOM

DRAGAN JANICIJEVIC, on his own
behalf and on behalf of all other similarly
situated crew members working aboard
BAHAMAS PARADISE CRUISE LINE
     vessels

       Plaintiff,

         v.

CLASSICA CRUISE OPERATOR, LTD.
and PARADISE CRUISE LINE
OPERATOR LTD.

       Defendants.

_____/

### <u>DECLARATION OF RODNEY A. MAX</u>

I, Rodney A. Max, pursuant to 28 U.S.C. §1746, declare as follows:

    1.    My name is Rodney A. Max.   I am over the age of 18 and I am competent to give testimony. The statements contained in this declaration are based upon my own personal knowledge and are true and correct.

## I.    BACKGROUND AND EXPERIENCE

    2.    I graduated in 1975 *cum laude* from the Cumberland School of Law. Upon graduation, I became licensed to practice law in the state of Alabama (1975) and the state of Florida (1976).  I am currently a member of Upchurch, Watson, White & Max Mediation Group, Inc.

    3.    Since 1992, my practice has focused exclusively on alternative dispute resolution, with an emphasis on mediation.

    4.    I have national mediation experience and have mediated in 32 states and the District of Columbia.  I have been selected to conduct mediations by leading plaintiffs' attorneys, defense counsel and in-house counsel for national and international manufacturers, distributors, transporters, insurers and service provider companies and have been appointed by federal and state judges from coast to coast.

    5.    I have mediated cases involving mortgage related litigation, truth in lending, debt collection, consumer fraud, wrongful death and personal injury, breach of contract, bad faith, securities (NASD), antitrust, patent and trademark, Lanham Act, construction, property, environmental, fraud and suppression, banking, estate and trusts, stockholder disputes, partnership disputes and derivative claims.  I have mediated numerous national and statewide class actions as well as numerous mass tort, contract and statutory warranty cases.  I have convened parties for mediation before suits have been filed, as well as mediated cases on appeal.

6.     Over the course of my career, I have conducted well over 5,000 mediations involving over 10,000 cases.

7.     I am a past President of the American College of Civil Trial Mediators. Additionally, I am a member of the Alabama Center of Dispute Resolution, the Florida Academy of Professional Mediators and the Dispute Resolution Section of the American Bar Association.

8.     I have played a major role in establishing rules, standards and ethics for mediators.  I initiated the Mediation Process and Practice Program at Cumberland School of Law as an adjunct professor from 1997-2002.  Additionally, I have lectured at CLE seminars for attorneys or those who have sought training on mediation at the following courses:

- American College of Attorney Mediators - Multi Party Mediation, The Business of Mediation;
- American Bar Association Dispute Resolution Section – Multi Party Mediation, Ethics of Mediation, The Business of Mediation;
- New Jersey Bar Association - The Practice of Mediation;
- Alabama Bar Association - Multi Party Mediation; Mediation Dissected;
- Florida Academy of Civil Trial Mediators- Opening Statements;
- University of Florida - Designing The Mediation; and
- The International Academy of Mediators- Ethics of Mediation.

9.     I have also published a number of articles. The following abridged list is a sampling:  *Mediation Comes  of Age,* published in *The American Journal of Trial Advocacy,* Volume 23, Issue  3 (Spring 2000); *Multiparty  Mediation,* published in *The American  Journal of Trial Advocacy,* Volume 23, Issue 2 (Fall 1999); *Designing The Mediation,* presented at professional seminars; *The Ethical Civil Trial Mediator, The Letter, The Spirit and The Practice,* presented at professional seminars; and *Mediation: The Humanization of the Justice  System,* presented at professional seminars.

3

## II.    FAMILIARITY WITH THE LITIGATION

10.    I was retained by counsel for the parties in this matter for the specific purpose of mediating this case (the "*Bahamas*" case) and to assist in reaching a global resolution, if possible. In my capacity as mediator, I consider myself to be a neutral, representing neither plaintiff nor defendant.

11.    In preparing for the mediation, I asked that the parties provide me with a variety of information about the lawsuit. Additionally, I had separate discussions with all parties to learn more about the facts giving rise to the dispute, the procedural background of the lawsuit, and the positions of the parties. The purpose of these initial conferences was to organize the parties' efforts to fully resolve this matter. Thereafter, I scheduled and participated in a series of telephonic mediation conferences during August 2020. I reviewed selected court filings from this case, and others, before the mediation sessions, and through this review and my conversations with counsel, as well as my experience mediating numerous cases involving similar class actions, I have become intimately familiar with the nature of the claims and defenses asserted in this case.

## III.    THE MEDIATED SETTLEMENT NEGOTIATIONS

12.    The proposed *Bahamas* Settlement is the product of fast-paced but focused negotiations which took place on an ongoing basis in August 2020. The caliber of the representation of both sides was extraordinary in my experience. The mediation consisted of multiple telephonic and a nine-hour Zoom session on August 18, 2020, among myself and counsel for the plaintiffs and defendants. In addition, I facilitated extensive separate discussions between the parties during this period.

13.    Prior to the mediation sessions, defendants provided plaintiffs' counsel with

extensive data and other discovery, and responses to targeted questions critical to plaintiffs' claims and the settlement negotiations.  The parties reached an agreement in principle on August 21, 2020 and then executed a Settlement Term Sheet.

14.     Negotiations on some of the finer points of the Settlement continued after the parties reached agreement in principle.  The final Stipulation and Settlement Agreement was executed on September 8, 2020.

15.     These negotiations were difficult, and at times frustrating, for the parties and their counsel. The mediation conferences involved discussions with all counsel, including sessions with each side, bi-lateral discussions with counsel, and my separate *ex parte* discussions with the parties concerning their various positions. The discussions allowed the parties to candidly express their respective views of the strengths and weaknesses of the respective positions in the case.  I never witnessed or sensed any collusiveness between the parties. To the contrary, at each point during these negotiations, the settlement process was conducted at arm's-length and, while professionally conducted, was quite adversarial.

16.     The relief for class members was the focus of the vast majority of the settlement negotiations.  The provisions of the settlement providing for payment of attorneys' fees and an incentive payment to the Named Plaintiff were negotiated only after the parties had agreed on the specific substantive relief to class members and a detailed Settlement Outline. There were no discussions of attorneys' fees, costs, or incentive awards until the substantive terms of the settlement were negotiated and resolved.

17.     In my opinion, the settlement negotiations in this case resulted in a resolution that is fair, reasonable and adequate for class members. The *Bahamas* settlement, including the relief provided to the class, is a fair and non-collusive settlement that was conducted at arm's length by

skilled, well-informed lawyers with sufficient discovery and investigation prior to completion of the mediation, and through the intense, focused mediation process described above.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _8_ day of _September_, 2020.

Rodney A. Max