**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-23223-CIV-BLOOM

DRAGAN JANICIJEVIC, on his own
behalf and on behalf of all other similarly
situated crew members working aboard
BAHAMAS PARADISE CRUISE LINE
vessels

      Plaintiffs,

          v.

CLASSICA CRUISE OPERATOR, LTD.,
PARADISE CRUISE LINE OPERATOR
LTD. INC., a/k/a PARADISE CRUISE LINE
OPERATOR LTD. d/b/a BAHAMAS
PARADISE CRUISE LINE, BPCL
MANAGEMENT, LLC, d/b/a BAHAMAS
PARADISE CRUISE LINE, LLC.,

      Defendants.
_____/

**NOTICE OF INTERVENING ELEVENTH CIRCUIT RULING**
**REGARDING PROPSED INCENTIVE AWARDS AND AGREEMENT TO CHANGE**
**PROPOSED CLASS NOTICE AS A RESULT**

Plaintiff, Class Counsel, and Defendants (the "Parties") hereby acknowledge that, after the original Stipulation of Settlement and Release was executed (ECF No. 17-1), a panel of the United States Court of Appeals for the Eleventh Circuit issued a ruling in *Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020). In *NPAS*, the Eleventh Circuit held that all service awards for class action representatives are impermissible.[1]

---

[1] Plaintiff's Counsel have been dealing with this issue now in other pending class actions where preliminary approval has already been granted, and like this case, where preliminary approval is pending. ***NPAS will not become binding precedent*** until issuance of the mandate (which has not yet occurred, nor has rehearing *en banc* yet occurred). *See, e.g., Nat. Res. Def. Council, Inc. v. County of Los Angeles*, 725 F.3d 1194, 1203–04 (9th Cir. 2013), *certiorari denied*, 572 U.S. 1100

Based upon this ruling, Plaintiff and Class Counsel hereby represent and agree that a service award cannot be approved for Plaintiff, unless the ruling in *NPAS* prohibiting service awards is reversed, vacated, or overruled.

Should that not occur prior to Plaintiff's deadline specified in the Stipulation for requesting a service award, the Parties respectfully submit that this Court could still approve the settlement and all of its terms, but also deny approval of specifically a service award and retain "jurisdiction for the limited purpose of revisiting the denial of service awards if the Eleventh Circuit holds a rehearing *en banc* in *Johnson v. NPAS Sols., LLC* and reverses its decision," or another Eleventh Circuit decision overrules *NPAS*. *See Metzler, et al. v. Medical Management International, Inc., et al.*, 2020 WL 5994537 (M.D. Fla. October 9, 2020) (reserving jurisdiction to award service awards if *NPAS* is reversed). Class Counsel could then "move for reconsideration upon such a reversal" up to and including the date the Second Gross Settlement Fund payment (as defined in the Settlement Agreement) is due to be paid. *Id*.

Based on this representation and agreement, the parties have agreed to modify paragraph 18 of the proposed Class Notice (ECF No. 17-1 at Ex. 2) as follows:

---

(2014) (explaining that "[n]o opinion of this circuit becomes final until the mandate issues") (citing *Carver v. Lehman,* 558 F.3d 869, 878 (9th Cir.2009) ("[U]ntil the mandate issues, an opinion is not fixed as settled Ninth Circuit law, and reliance on the opinion is a gamble." (citation omitted)); *see also* Fed R.App. P. 41(c), 1998 Adv. Comm. Note ("A court of appeals' judgment or order is not final until issuance of the mandate[.]")). *See also Key Enters. of Del., Inc. v. Venice Hosp.,* 9 F.3d 893, 898 (11th Cir. 1993) ("[B]ecause the panel's mandate had not issued, the panel's decision was never the 'law of the case.'"); *United States v. Foumai,* 910 F.2d 617, 620 (9th Cir.1990) (explaining a "court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties"). Appellees in *NPAS* have indicated their intention to seek rehearing *en banc*.

**The original Section 18 reads as follows:**

> **18. How Will The Class Counsel Lawyers Be Paid?**
>
> Class Counsel will ask the Court for attorneys' fees and expenses up to $262,500.00, and a case contribution award of $5,000.00 paid to Settling Plaintiff Dragan Janicijevic for his time and effort in the matter. The Court may award less than these amounts.
>
> The attorneys' fees and expenses and the case contribution shall come from the Settlement Fund. Defendants have agreed not to oppose the applications by Class Counsel for attorneys' fees and expenses or the case contribution award to Settling Plaintiff that do not exceed those amounts.

**The Parties hereby amend Section 18 of the Class Notice by interlineation to read as follows:**

> **18. How Will The Class Counsel Lawyers Be Paid?**
>
> Class Counsel will ask the Court for attorneys' fees and expenses up to $262,500.00, and a case contribution award of $5,000.00 paid to Settling Plaintiff Dragan Janicijevic for his time and effort in the matter. The Court may award less than these amounts.
>
> The attorneys' fees and expenses and the case contribution shall come from the Settlement Fund. Defendants have agreed not to oppose the applications by Class Counsel for attorneys' fees and expenses or the case contribution award to Settling Plaintiff that do not exceed those amounts.
>
> Following execution of the Settlement, a panel of the United States Court of Appeals for the Eleventh Circuit issued an opinion holding that case contribution awards for class representatives were impermissible. *Johnson v. NPAS Solutions*, *LLC*, 2020 WL 5553312 (11th Cir. 2020). In light of this opinion, the Parties have agreed that the Court may approve all of the terms of the settlement, while also denying the request for a case contribution award, but Class Counsel can request the Court reserve jurisdiction to reconsider the issue of a case contribution award if *NPAS* is reversed, vacated, or overruled before the final date of the completion of Net Settlement Fund payments. Class Counsel will file with the Court their request for attorneys' fees and expenses and any request for service awards on or before MONTH DAY, YEAR, which will then be posted on www._____.com/[[ ]].

**WHEREFORE,** the Parties respectfully request the Court use the above interlineated language for its consideration in granting Preliminary Approval of the Settlement in this action.

Date: October 13, 2020                                         Respectfully submitted,

By: */s/ Adam Moskowitz*                                    By: /s/ *Catherine J. MacIvor*
Adam Moskowitz, Esq.                                         Jeffrey E. Foreman
Florida Bar No. 984280                                       Florida Bar No. 240310
Email: adam@moskowitz-law.com                                jforeman@fflegal.com
Howard M. Bushman, Esq.                                      Catherine J. MacIvor
Florida Bar No. 0364230                                      Florida Bar. No. 932711
Email: howard@moskowitz-law.com                              cmacivor@fflegal.com
**The Moskowitz Law Firm, PLLC**                             **Foreman Friedman, PA**
2 Alhambra Plaza                                             One Biscayne Tower, Suite 2300
Suite 601                                                    2 South Biscayne Boulevard Miami, FL
Coral Gables, FL 33134                                       33131 Telephone: (305) 358-6555
Telephone: 305 740-1423                                      *Counsel for Defendants*
*Counsel for Plaintiff*

By:/s/ Michael Winkleman
Michael A. Winkleman
Florida Bar No. 36719
mwinkleman@lipcon.com
Daniel W. Grammes
Florida Bar No. 1010507
dgrammes@lipcon.com
Andrew S. Freedman
Florida Bar No. 091087
afreedman@lipcon.com
**Lipcon, Margulies, Alsina & Winkleman, P.A.**
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Counsel for Plaintiffs*

- 5 –

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was filed on October 13, 2020 with the Clerk by using the CM/ECF system, which will send notification of such filing to all attorneys of record.

    s/ Adam M. Moskowitz