## Classica Cruise Line Operator, Ltd

### Contract of Employment

This is a Contract of Employment ("Contract") between:
Classica Cruise Operator, Ltd. is the operator of the vessel and pro hac vice owner of the M/V Grand Classica with its address at 431 Fairway Drive Deerfield Beach Fl 33441.

**Mr. JANICIJEVIC, DRAGAN, 203246,** D/O/B **01/07/1976,** Birthplace: **Serbia** and Address:  , ("crewmember") and Classica Cruise Operator, Ltd. ("CCO").

| | |
|---|---|
| **Sign-On Date:** | **10/12/2019** salary begins on this date. |
| **Position:** | **Dealers** |
| **Monthly basic wage:** | **1200   plus pooled tips dealers** |
| **Commission:** | **N/A** |
| **Gratuity:** | **N/A %** |

**The Company utilizes a point system for distribution of gratuities collected from the passengers. Each position receives a number of points. These values of the points will vary based on the number of crew on board each cruise.**

| | |
|---|---|
| **Service Charge:** | **N/A** |
| | |
| **Overtime, if applicable:** | Not Applicable |
| **Visa paid by:** | **CCO** |
| **Medicals paid by:** | **Crew Member** |

The following general conditions shall apply to this Contract:

**1. Duration of Contract:** The duration of this contract shall be for **8** continuous months of employment, commencing when the crewmember signs onboard the vessel and terminating when the crewmember signs off the vessel for any reason. At CCO's option, the duration of employment may be plus or minus one (1) month.

**2. Travel to the Vessel:** The company, will provide transportation from a Port mutually agreed upon: **Serbia.**

**3. Repatriation:** Crewmember shall be entitled to repatriation at CCO's expense from the vessel to the port mutually agreed upon subject to the following conditions: Port is to be defined in which the cost is to be borne by the Company for repatriation, at a minimum, shall include:

Passage to one (1) of the following destinations:
    (i) . Port at which the Employee agreed to and enters into the Employment:
    (ii). Other such port as may be mutually agreed upon

a. Upon completion of the contract provided that all of the terms of this contract are fulfilled;
b. If the crewmember's employment agreement expires while he/she is abroad;
c. In the following cases, the crewmember is entitled to repatriation at CCO's expense where the crewmember's employment agreement is terminated:

    (i). In the event of illness or injury or other medical condition which requires the crewmember's repatriation when found medically fit to travel;
    (ii). In the event of shipwreck;

EXHIBIT 1

> (iii). In the event of the shipowner/operator is not able to continue to fulfill its legal or contractual obligations as an employer of the crewmember by reason of insolvency, sale of ship, change of ship's registration or any other similar reason;
>
> (iv). In the event of the ship being bound for a war zone, as defined by national laws or regulations or the crewmember's contract of employment, to which the crewmember does not consent to go; and
>
> (v). In the event of termination or interruption of employment in accordance with an industrial award or collective agreement, or termination of employment for any other similar reason.

However, in the event the crewmember must be repatriated for reasons other than satisfactory completion of this contract, medical, or other justified reasons, including those outlined above, CCO will seek to recover the expenses of repatriation in accordance with Bahamian law where the crewmember is found to be in serious default of the crewmember's employment obligation in the contract. Repatriation for compassionate reasons, at the expense of CCO, where the Contract is not terminated by the crewmember or CCO, will be at CCO's discretion.

**4. Vacation/Leave**: Crewmember shall receive annual leave with pay calculated on the basis of a minimum of **2,50 Included in Base pay** calendar days per month of employment. Justified absences from work shall not be considered as annual leave.

**5. Ship Sign-On Requirements:** In order to sign onto the vessel, you must present the following items and/or comply with the following requirements:

> a. You must have passed a medical examination and be declared fit for sea duties;
> b. You must have disclosed fully all prior accidents, injuries and medical conditions;
> c. On arrival, you must be in good health and present the completed medical examination certificate including chest x-rays, urine analysis, venereal disease test, blood test (CBC) and hernia examination;
> d. You must be in possession of a valid passport and C-1/D Visas, whenever necessary, both being valid for a minimum of one year.
> e. Crewmember must bring both valid passport and valid Visas to sign on ship.
> f. STCW Basic Safety Certificate is required and must be current and valid.
> g. Crewmember must bring originals of all documents required.
> h. If it is found that you have any contagious or communicable diseases or physical impairment which limits your ability to perform her job is required, or you have failed to disclose fully any prior accidents, injuries or medical conditions, including implants, cancer or other illnesses, you will not be allowed to join the vessel, or you will be discharge from the vessel and you must assume responsibility back to your point of origin.

**6. Drug Testing:** CCO has instituted a policy of random drug and alcohol tests for all officers and crew serving onboard the vessel. CCO's policy is available for your review upon request. Refusal to take a test or failure of any administered test may be grounds for immediate termination.

**7. Vessel Transfer**: CCO reserves the right to transfer the crewmember to any other vessels within its fleet.

**8. Working Hours:** As the hours of work vary from position to position, the established hours, duties and working conditions for your position, though not explicitly outlined herein have been discussed with you, are fully understood by you, and are agreed by you as prescribed for the job for which you have been hired. The maximum hours of work shall not exceed 14 hours in any 24-hour period and 72 hours in any seven-day period.

**Classica Cruise Line Operator, Ltd**

**9. Hours of Rest:** The minimum hours of rest shall be not less than 10 hours in any 24 hour period and 77 hours in any 7 day period. The 10 hour period of rest may be divided into no more than two periods, one of which shall be at least 6 hours in length. The intervals between consecutive periods of rest shall not exceed 14 hours.

**10. Wage Payments:** Wage payments will be paid in arrears once at the end of each month. Taxes will be withheld, if required. If the crewmember is entitled to maintenance payments, those payments will be paid in arrears once at the end of each month until the crewmember reaches Maximum Medical Improvement when Seafarer reaches a state where condition cannot be improved or when a treatment plateau in Seafarer's healing process is reached.

**11. Medical Care and Burial Expenses:** While the crewmember is aboard the M/V Grand Classica, medical care and expenses will be provided as follows:

a. While signed on the ship's articles, medical coverage for illness, injury, etc., including essential dental, will be provided pursuant to the Flag States maritime act. The crewmember will receive shipboard medical care, and if appropriate, shoreside medical care, in accordance with the applicable law and laws of the flag state of the vessel.
b. The crewmember will receive payments for subsistence room and board (maintenance) if shoreside medical care is necessary in accordance with applicable law and the laws of the flag state of the vessel.
c. If the crewmember is repatriated home for medical care or returns home for medical care, he/she will be entitled to maintenance at $15.00 per day until the crewmember has reached Maximum Maintenance Improvement.
d. A crewmember repatriated for medical care must comply with the provisions and instructions of the Maintenance & Cure Letter in order to receive maintenance payments.
e. CCO will pay the cost of burial expenses in the case of death occurring on board or shore during the period of employment. The burial expenses paid by CCO may be reimbursed by an insurance institution in cases in which funeral benefit is payable in respect of the deceased crewmembers under laws or regulations relating to social insurance or workers' compensation.
f. CCO is exempted from liability to defray the expense of medical care and board and lodging and burial expenses in so far as such liability is assumed by the public authorities.
g. The estate of Employee shall be entitled to Death Benefits if Employee dies while employed by the Company under this Agreement and in accordance to the MLC.

**12. Exclusions regarding Medical care:** Notwithstanding the foregoing, CCO shall not be required to provide Maintenance and Cure or Medical Unearned Wages to Employee under any of the following circumstances or for the indicated treatments, as the case may be:

a. Illness, injury, or death, which occurs while crewmember is off contract;
b. Illness, injury, or death resulting from Employee's, drug, substance or alcohol use;
c. Any sexually transmitted diseases, including, but not limited to, HIV or AIDS;
d. Illness contracted or injury occurring prior to the commencement of this Agreement;
e. Eye examinations or visual aids;
f. Any illness or injury not disclosed in connection with any medical history or medical questionnaire responses provided to the Company, including any medical conditions.
g. Pregnancy, except as outlined in Par. 15 – Maternity.
h. Any diagnosed permanent condition or incurable disease
i. Any other exclusions or limitations with respect to Maintenance and Cure or Medical Unearned Wages to which the Company is entitled as a matter of law.

**Classica Cruise Line Operator, Ltd**

**13. Medical Records Authorization**: Crewmember hereby expressly waives all physician/patient confidentiality and hereby specifically authorizes any physician, hospital, physical therapist, psychologist, psychiatrist and any other healthcare provider of any nature whatsoever who has provided care to crewmember to release to any authorized representative of CCO in the medical record, chart, note, report, test results, or any other document regarding the care and treatment of the crewmember. The crewmember further authorizes any health care provider to discuss his or her care, treatment and prognosis with any authorized representative of CCO.

**14. Maternity:** The limited nature of shipboard medical facilities makes it impossible to properly address prenatal care or any potential complications or emergencies that may arise during a pregnancy at sea. Consequently, pregnant crewmembers may not remain employed on board the vessel during the final twelve weeks of pregnancy under any circumstances. Pregnant crewmembers who are interested in continuing to be employed in their positions in spite of the health risks, may do so only during the first 28 weeks of their pregnancy and only under the following circumstances:

   a. The pregnant crewmember must pay for the cost of childbirth and any and all associated pregnancy related services and expenses required during the pregnancy;
   b. The pregnant crewmember must obtain the consultation of a licensed Shoreside Obstetrician/Gynecologist (OB/GYN) at one of the ship's ports of call, at the earliest possible opportunity;
   c. The pregnant crewmember must notify the ship's physician as soon as the crewmember becomes aware that she is pregnant and must obtain from the ship's physician the forms to be completed by the crewmember and her Shoreside OB/GYN;
   d. After taking into consideration the crewmember's medical history, shipboard life, job description, and any special circumstances, the crewmember's Shoreside OB/GYN must agree to continue to treat the crewmember and must grant the crewmember medical permission to sail for a specific period of time;
   e. The pregnant crewmember must continue to be able to perform the essential functions of her job without endangering her health and safety;

   If, at anytime, the crewmember fails to fulfill any of the circumstances in items a. 1-5, above or has met the maximum number of weeks, then the crewmember must sign off the vessel. Upon sign-off, CCO will provide the pregnant crewmember with an air ticket home and one (1) Month Basic Wage. Any absence from work for maternity will be counted as part of the period of service and will not be counted as part for annual leave with pay.

**15. Compensation for Ship's Loss or Foundering**: If the crewmember becomes unemployed due to the ship's loss or foundering, CCO will provide compensation up to two (2) months wages or until the crewmember finds suitable employment, whichever occurs first.

**16. Extension of Contract:** If, for any reason, the crewmember does not sign off the vessel at the end of the term of employment as per paragraph (1), the terms and conditions of this contract will continue to apply as long as the crewmember remains onboard. Subject to seafarers agreement.

**17. Working Uniforms**: CCO will provide company logo or uniforms, at its option. If the crewmember is only provided with the company logo then the crewmember must provide an appropriate uniform. All other items will be provided by the crewmember. Upon signing on to the vessel these items will be explained to you. Personal items will be cleaned at minimal cost.

**Classica Cruise Line Operator, Ltd**

**18. Compliance with Rules and Regulations/Fluency in English:** You must comply with all rules, regulations and standards of the vessel as well as pertinent maritime laws and regulations. You must completely understand and speak English. All conversation while in public areas is to be in the English language, no exceptions. Failure to comply with any of the above-mentioned rules, regulations, law standards and/or lack of knowledge of the English language, will constitute a breach of contract. A breach of contract will result in your being signed off the vessel and repatriated home at your own expense. Outstanding wages due may be applied to expenses incurred by the company due to your breach of contract.

**19. Manning of the Vessel/Early Termination of Contract:** Should it become necessary to adjust the manning of the vessel or if the crewmember or ship operator terminates the contract early, the minimum notice to be given by crewmember or ship operator for early termination of the crewmember's contract shall not be less than 7 days. In accordance with Flag Administration, a notice period shorter than the minimum may be given for termination of the crewmember's contract, including termination without notice in exceptional circumstances. Crewmember shall have the opportunity to terminate the crewmember's contract without penalty at a shorter notice or without notice for valid compassionate or urgent reasons.

> CCO reserves the right to assign the crewmember to a lower grade position if the crewmember proves unable or unsuitable to perform in the position recruited or if a position is no longer available in the position recruited.

**20. Probationary Period:** All new and returning Crewmembers are required to serve a 90 - day introductory period during their employment with CCO. This introductory period applies to all levels of employment. Crewmember may be terminated at any time if his/her job performance is unacceptable. If terminated for cause you will not receive vacation pay and may be required to pay for your way home including safe guard costs, i.e. airline ticket, transportation etc. This inclusion will supersede any and all other employment documents you receive or that are handed out upon your joining of the vessel.

**21. Termination:** Any violation of the ship's rules, regulations or legal requirements, including, without limitation, those concerning contraband, smuggling, theft or embezzlement may be punished by dismissal without further notice. In addition, the following violations shall be deemed willful misconduct and CCO may also terminate this contract, with or without notice, for any violation of the ship's rules and regulations or other offenses, including, without limitation, disobedience to any lawful command, breach or neglect of duty, fraud, intoxication, scandal, aggression, conviction of a crime, or leaving the vessel or duty station without permission, incompetence, insubordination, failure to comply with any rules, regulations, policies, guidelines or other standards issued by CCO, endangering the Vessel or its Crew or guests, misconduct while aboard or away from the Vessel while employed by CCO, violation of any criminal law, or breach of any provision of the Contract. All repatriation expenses of the dismissed crewmember and all costs for supplying his relief shall be paid for from the dismissed crewmember's account. CCO's exercise of its rights to terminate hereunder shall be without prejudice to any other remedy to which Employer may be entitled.

> The Company shall be entitled to terminate the Employment Contract of a crewmember prior to the expiration of his Contract Period in the event of any of the following:
>
> a. upon the total loss of the Ship, or
> b. when the Ship has been laid up for a continuous period of at least one (1) month, or
> c. upon the sale of the ship, or
> d. upon the misconduct of the crewmember giving rise to a lawful entitlement to dismiss.

**Classica Cruise Line Operator, Ltd**

CCO shall be entitled to terminate a crewmember's Employment Contract for any reason at CCO's sole discretion upon payment of two (2) months Basic Pay Severance. No Basic Pay Severance is due if the termination is a result of any of the following:

a. the termination is as a result of the expiration of an agreed period of service in the Employment Contract; or
b. the termination is as a result of notice given by the Seafarer as aforesaid; or
c. the crewmember is lawfully and properly dismissed by CCO as a consequence of the crewmember's own misconduct, such as but not limited to, violating CCO's Drug and Alcohol Policies, or the Company's Sexual Harassment Policy.

**22. Grievance Procedure:** If the crewmember has a complaint or grievance regarding his service aboard the vessel, he/she is to make his/her complaint known to the Department head, and if not resolved or a conciliated settlement reached, the crewmember may refer the complaint to the Hotel Director, and if no resolution or conciliation settlement reached then the crewmember may refer the complaint to the Staff Captain. If the Staff Capt. cannot resolve the complaint to the satisfaction of the crewmember, he/she may refer the complaint to the Master. If a complaint cannot be resolved on board, the matter should be referred ashore to CCO.

If the crewmember is in any doubt about presenting a complaint and considers that he/she will be victimized due to presenting a complaint, the crewmember shall have the right to contact the Flag Administrator for guidance or the crewmember may submit the complaint directly to the Flag Administrator.

Upon her signing on to the ship, crewmember shall be provided a copy of the on board complaint procedures applicable to the ship.

**23. Governing Law/Arbitration Clause:** This contract is to be governed by the laws of the vessel's flag administration. The courts of the vessels flag administration, shall have exclusive jurisdiction over all matters or disputes arising from or relating to this contract, and my employment or service aboard the vessel, including claims for breach of contract, personal injuries, wrongful death, torts, wages and employment benefits against the vessel, her owners, operator, managers, agents, servants or Crewmembers. The parties to this contract acknowledge and agree that employment aboard the vessel under this contract constitutes a commercial relationship between the parties. The parties further acknowledge and agree that any and all disputes arising out of or in connection with this agreement, including any questions as to its existence, the validity or termination, or my service aboard the vessel, shall be referred to and finally resolved by arbitration pursuant to the Rules of the International Center for Dispute Resolution, or in the case of a Philippine national, the Philippines Overseas Employment Administration (POEA), which rules are deemed to be incorporated by reference into this clause. The number of arbitrators shall be one. The Arbitrator shall be a member of the bar in the location determined to be the place of the arbitration proceeding. (or in the case of a Philippine national covered by the POEA in Manila, Philippines). I acknowledge and agree that any and all claims against my employer, the vessel owner, and/or operator must be arbitrated in the designated jurisdiction, to the exclusion of all other jurisdictions. The language of the arbitral proceeding shall be English. Each party shall bear its own attorney's fees and costs. Although CCO shall bear the initial cost for filing of the request for arbitration, each only responsible for one half the cost of arbitration. I agree to appear for medical examinations by doctors designated by CCO and specialties relevant to any claim by me, otherwise the parties agree to waive any and all rights to compel information from each other.

**Classica Cruise Line Operator, Ltd**

**24. Confidentiality:** Crewmember and CCO hereby agree to that all information disclosed in connection with the arbitration shall not be made public or disseminated by any means. Unless otherwise agreed by the parties in writing, or required by applicable law, the parties, members of the tribunal and the administrator shall keep confidential all matters relating to the arbitration or award. Any party discloses information in violation of this provision shall be subject to sanctions, including but not limited to vacating the arbitration award, monetary sanctions and imposition of attorney's fees and costs.

**25. Limitation of Claims:** Any action for arbitration to recover on any claim whatsoever including for negligence, unseaworthiness, maintenance, cure, failure to provide prompt, proper and adequate medical care, wages, personal injury, death, or property damage shall not be maintainable by crewmember unless initiated within 3 years from the date of the incident underlying the claim. Crewmember expressly waives all other potentially applicable limitations period for initiating claims.

**26. Compliance with the Maritime Labour Convention 2006:** The Grand Classica flagged vessel, shall comply with The Maritime Labour Convention 2006 and The Flag Administration, as applicable to the M/V Grand Classica.

**27. Severability Clause:** In the event that any term or condition of this contract of employment is found to be invalid, illegal or unenforceable, it shall be deemed severed from the contract and the remaining terms and conditions shall remain in full force and effect.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

**SIGNATURES APPEAR ON PAGE 10 of 11**

Classica Cruise Line Operator, Ltd

**Execution of Agreement:** By signing this Contract of Employment I confirm that I have read and fully understand these terms and conditions, and the Master's Rules and Regulations which are incorporated herein and have been made available for my review, and accept the same, in a accordance with the flag state's regulations, and that I will retain one copy in my possession. It is understood that I will not be employed until I have actually signed the ship's articles.

No oral promises or other agreements have been made to me and that I cannot claim and him not entitled to any additional benefits of any kind whatsoever except those provided by this agreement. This contract supersedes any oral promises or other agreements that may have been made to me and I cannot claim and am not entitled to any additional benefits of any kind whatsoever except those provided in this Agreement.

**I acknowledge that the information provided in my Crewmember Checklist and Curriculum Vitae is true and correct. I understand that during my employment with the Company, I shall be subject to immediate dismissal if any of the information that I have given is false or misleading or if I have failed to give any information herein requested, regardless of the time elapsed after discovery. I further authorize the company to inquire into my education, professional and past employment history references as needed to research my qualifications for this position.**

**Further, I acknowledge that I have had the opportunity to review and seek advice regarding the terms and conditions contained within this contract and have freely accepted them as evidenced by my signature below.**

Subject to the terms and conditions hereinafter, I **JANICIJEVIC, DRAGAN** agree to accept employment with CCO onboard the M/V Grand Classica.

**Signed by:**                                                                                       **Date:**

_____                                                                            _____11/05/2019_____

**Crewmember:**

_____
**Crewmember signature**

**Location signed at:** _____

_____                    _____
**Witness/Title**                                                           **Classica Cruise Operator, Ltd**
                                                                                     **As Operator of the M/V Grand Classica**
                                                                                     **Authorized Signature**