**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-23223-BLOOM/Louis

DRAGAN JANICIJEVIC, on his own
behalf and on behalf of all other
similarly situated crew members
working aboard BAHAMAS
PARADISE CRUISE LINE
vessels

      Plaintiff,

      v.

CLASSICA CRUISE OPERATOR,
LTD. and PARADISE CRUISE LINE
OPERATOR LTD.

      Defendants.
_____/

**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

**THIS CAUSE** is before the Court upon Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, ECF No. [37] ("Motion"). Upon review and consideration of the Motion for Preliminary Approval of Class Action Settlement of Settling Plaintiff[1] Dragan Janicijevic, on behalf of himself and all Settlement Class Members, and Defendants Classica Cruise Operator Ltd. and Paradise Cruise Line Operator Ltd. (collectively, "Defendants"), including the Parties' Amended Stipulation and Settlement Agreement dated December 17, 2020 and all exhibits thereto, and the Court being fully advised, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [37]**, is **GRANTED** as follows:

---

[1] Unless otherwise indicated, capitalized terms used throughout this Order shall have the meanings ascribed to them in the Settlement Agreement, ECF No. [37-4].

Case No. 20-cv-23223-BLOOM/Louis

1. **Settlement**. Settling Plaintiff and Defendants have negotiated a proposed settlement of Settling Plaintiff's claims in this action, individually and on behalf of a class of seafarer-employees, described below as the Settlement Class, to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against Defendants and any and all of their present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which the Cruise Defendants have a controlling interest, and any and all of their officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action).

2. **Review.** The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are incorporated herein as though fully set forth in this Order.

3. **Preliminary Approval**. The Settlement Agreement entered into by and among the Settling Plaintiff and Defendants was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate and within the range of possible approval. The Court finds that providing notice to the Settlement Class Members is justified by the showing that the Court likely will be able to approve the proposed Settlement under Rule 23(e)(2).

4. **Settlement Class Relief**. The proposed Claim Settlement Relief to Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

> All seafarer-employees who were physically present on the *Grand Celebration* for at least one day anytime between March 18, 2020 until August 20, 2020 and were (1) terminated such that severance is due under their employment contracts and/or (2) were employed and performed a designated job at Defendants' request. "Seafarer-employees" ***shall not include*** deck and engine employees and independent contractors, Cruise Defendants' corporate officers or corporate directors.

5.  **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class:

    (a)   The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

    (b)   The Settlement Class is so numerous that joinder of all members is impracticable. "[G]enerally, where the potential number of plaintiffs is likely to exceed forty members, the Rule 23(a) numerosity requirement will be met." *Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665, 671-72 (S.D. Fla. 2012); *see, e.g.*, *Anderson v. Bank of S., N.A.*, 118 F.R.D. 136, 145 (M.D. Fla. 1987) ("[T]he size of the class and geographic location of the would-be class members are relevant to any consideration of practicality."). As alleged, there are hundreds of Settlement Class Members. Specifically, there are 276 Class Members who were terminated and are entitled to severance, and there are 6 Class Members who continued to perform some work for Defendants during the class period. *See* ECF No. [37] at 4.

    (c)   There are questions of law or fact common to the members of the Settlement Class. The Settlement Class Members' claims raise common issues as to whether Defendants' conduct breached the contracts Defendants had with Settlement Class Members.

    (d)   The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class. Typicality and commonality are related, with commonality referring to "the group characteristics of the class as a whole" and typicality focusing on the named plaintiff's claims in relation to the class. *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004). Plaintiff's claims in this case arise from the same alleged course of conduct and are based on the same legal theories as those brought on behalf of the proposed class. Therefore, the typicality prong is met.

    (e)   Plaintiff is capable of fairly and adequately protecting the interests of the

members of the Settlement Class, in connection with the Settlement Agreement. Plaintiff has no interests antagonistic to those of the class and plaintiff's counsel is qualified, experienced and generally able to conduct the proposed litigation.

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class. Settlement Class Members' claims arise out of Defendants' alleged uniform conduct and seek remedy of "common legal grievances" as a result of the conduct in question.

(g) The Settlement Class is ascertainable. Defendants have identified each of the Settlement Class Members.

(h) Resolution of the claims in this Litigation by way of a worldwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. Individual lawsuits by aggrieved class seafarer-employees would involve largely the same evidence, and waste judicial resources.

(i) The Court expressly reserves its prerogative to revisit class certification pending further developments in this litigation.

6. **Designation of Class Representative**. Settling Plaintiff Dragan Janicijevic is designated as the representative of the Settlement Class for the sole purpose of seeking a settlement of the claims against Defendants in the Litigation.

7. **Designation of Class Counsel**. The law firms of Lipcon, Margulies, Alsina & Winkleman, P.A. and The Moskowitz Law Firm, PLLC are hereby designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

8. **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held **at 9:00 a.m. on May 12, 2021**, **via Zoom video**

**conference**[2] before the Honorable Beth Bloom, to determine, among other things: (i) whether the classwide Settlement of Settling Plaintiff's claims against Defendants in the Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Settling Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settling Plaintiff and all Settlement Class Members and any person actually or purportedly acting on their behalf, from filing, commencing, prosecuting, maintaining, intervening in, participating in (as parties, class members or otherwise), and from organizing or soliciting the participation of other Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and proposed Case Contribution Award to Settling Plaintiff, should be approved.

9. **Class Notice**.

(a) The Court approves the Class Notice as described in the Settlement Agreement, including the Mail Notice attached as Exhibit 2 to the Settlement Agreement and the manner of providing Mail Notice to Noticed Class Members described in Section 7 of the Settlement Agreement. The Court finds that Class Notice as described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under all the

---

[2] The Meeting ID to access the Zoom videoconference is 161 325 2996 and the password is 195683. Alternatively, the hyperlink to the meeting is
https://www.zoomgov.com/j/1613252996?pwd=STNhdlhYV0tQVW5OTlJSYWRMMXJHdz09.

circumstances, to apprise Noticed Class Members of the pendency of this Litigation, the terms of the Settlement Agreement, and their right to object to the Settlement or to exclude themselves from the Settlement Class. The Court further finds that Mail Notice, Publication Notice, the Settlement Website, and the other forms of Class Notice described in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of Fed. R. Civ. P. 23 and due process.

(b) The Mail Notice, in the form and content of Exhibit 2 to the Settlement Agreement, shall be mailed by the Settlement Administrator not more than thirty (30) Days after this Order, in the manner described in the Settlement Agreement. The Claim Form Instructions and Claim Form (also part of Exhibit 2), shall be included with the Notice, shall be included with the Mail Notice.

(c) No later than the posting of the Mail Notice, the Settlement Administrator shall establish a Settlement Website that shall contain copies of the Settlement Agreement and Exhibits, the Preliminary Approval Order, the Mail Notice, Claim Form Instructions, Claim Form, and such other documents as Class Counsel and Defendants' Counsel agree upon. The Claim Form Instructions and Claim Form shall be available to download or print from the Settlement Website. In addition, the Settlement Website shall provide an email address to allow the submission of Claim Forms and via email. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.____.com. The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief. The Settlement Website shall not include any advertising and shall not bear or include any logos or trademarks of any of the Defendants.

(d) The Notice and Claim form shall also provide a toll-free phone number, so that Settlement Class Members may call and revise answers to any questions they may have.

6

(e) Settlement Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Agreement as Exhibit 2, requesting Claim Settlement Relief in accordance with the terms of the Agreement. To be considered valid and timely, a Claim Form must be completed and signed by the Settlement Class Member and must be (i) if in paper form, mailed to the address of the Settlement Administrator as specified in the Claim Form and postmarked by the Claim Deadline, or (ii) if submitted electronically, be completed and submitted by midnight ET on the Claim Deadline. The Claimant must also attest and affirm all of the information provided in his or her Claim under the following declaration: "I declare under penalty of perjury under the laws of the United States of America that the information provided by me on this Claim Form is true and correct." Submitted Claim Forms shall be reviewed and handled by the Settlement Administrator in accordance with the Settlement Agreement.

(f) Not less than ten (10) Days prior to the Final Approval Hearing, Class Counsel shall file a declaration or affidavit from the Settlement Administrator with the Court regarding proof of mailing of the Mail Notice, establishing of the Settlement Website, and identifying the Noticed Class Members who timely submitted Requests for Exclusion.

(g) Class Counsel and Defendants' Counsel as jointly agreed, along with the Settlement Administrator, are authorized to complete any missing information and to make any non-substantive revisions to the Claim Form, Claim Form Instructions, Mail Notice, and Publication Notice that do not materially reduce the rights of Noticed Class Members prior to disseminating them as necessary to fulfill the purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form, Claim Form Instructions, Mail Notice, and Publication Notice may be adjusted to accommodate printing, mailing and publication considerations.

(h) Defendants shall comply with the notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

10. **Settlement Administrator**. Given the size of the Class, the Court approves the Defendants and Class Counsel to jointly administer the settlement and implement the terms of the Settlement Agreement, and authorizes and directs Defendants and Class Counsel to (a) print and mail the Mail Notice, Claim Form, and Claim Form Instructions, (b) establish phone number for Settlement Class Member calls, (c) establish the Settlement Website, (e) receive and process Claim Forms, and (f) carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by Class Counsel and Defendants, all pursuant to and as provided in the Settlement Agreement.

11. **Exclusion from the Settlement Class.** Any Noticed Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked **by April 12, 2021** ("Opt-Out Deadline"), which is no less than thirty (30) Days before the Final Approval Hearing.

(a) To be valid, the Request for Exclusion must clearly indicate the name, address, telephone number, and passport number of the Person seeking exclusion, the name and case number of the Action, a clear and unequivocal statement under penalty of perjury that the person seeking exclusion believes he or she is a member of the settlement class and a statement with enough factual information to demonstrate that the Person is eligible to be a Settlement Class member, a statement that the Person wishes to be excluded from the Settlement Class, and the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person.

(b) A Noticed Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Noticed Class Member desiring to opt out of the Settlement Class (i) files or has filed a separate action against any of the

Released Persons, or (ii) is, or becomes, a putative class member in any other class action filed against any of the Defendants.

(c) Except for those Noticed Class Members who timely and properly file a Request for Exclusion, all other Noticed Class Members will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, including, but not limited to, the Releases in the Settlement Agreement and a Judgment approving the Settlement.

(d) If the proposed Settlement is finally approved, any Noticed Class Member who has not submitted a timely, written Request for Exclusion from the Settlement Class shall be bound by the Judgment and all subsequent proceedings, orders, and judgments in this Litigation and all provisions of the Settlement Agreement, including, but not limited to, the Releases provided in the Settlement Agreement, even if he or she has pending, or subsequently initiates, litigation against Defendants, or any Released Persons relating to any of the Released Claims as defined in the Settlement Agreement.

12. **Objections and Appearances**. Any Noticed Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Order and the Settlement Agreement may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and mail copies to Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement, **by April 12, 2021** (the "Objection Deadline"), which is no less than thirty (30) Days before the Final Approval Hearing.

Case No. 20-cv-23223-BLOOM/Louis

**For Settling Plaintiff and Settlement Class**

Michael A. Winkleman
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131

**Defendants' Counsel**:

Catherine J. MacIvor
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, Florida 33131

(a) The requirements to assert a valid written objection shall be set forth in the Mail Notice and on the Settlement Website, and shall include: (i) the case name and number; (ii) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, the name, address, and telephone number of his/her counsel; (iii) the basis for the objection; and (iv) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

(b) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Mail Notice and consistent with this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

(c) Subject to approval of the Court, any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (i) files with the Clerk of the Court by the Objection Deadline a notice of intention to appear at the Final Approval

Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature; and (ii) serves copies of the Notice of Intention to Appear on all counsel designated in this Order by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least thirty (30) Days before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other requirements of this Order and the Settlement Agreement will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is finally approved, all Noticed Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as more fully described in Section 15 of the Settlement Agreement.

14. **Attorneys' Fees, Expenses and Case Contribution Award**. Settling Plaintiff and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Litigation in a total amount that exceeds $262,500.00 (30% of the Gross Claim Fund). Class Counsel and Settling Plaintiff agree not to seek a Case Contribution Award that exceeds $5,000.00 for Settling Plaintiff for his work and assistance in this Litigation. Following execution of the Settlement, a panel of the United States Court of Appeals for the Eleventh Circuit issued an opinion holding that case contribution awards for class representatives were impermissible. *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). In light of this opinion, the Court preliminarily approves the incentive award for purposes of the issuance of the Class Notice but at final approval will consider whether to deny the request without prejudice and reserve jurisdiction to reconsider the issue of a case contribution award if *NPAS* is reversed,

vacated, or overruled. Defendants agree not to oppose applications for Attorneys' Fees and Expenses and Case Contribution Award that do not exceed the foregoing amounts.

15. **Preliminary Injunction.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement and the Settlement, all Noticed Class Members who do not timely exclude themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are hereby preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, intervening in, maintaining (including claims or actions already filed), or participating in (as parties, class members, or otherwise) any new or existing action or proceeding before any court or tribunal in any jurisdiction regarding any Released Claims against any Released Parties; or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims.

16. **Service of Papers.** Class Counsel and Defendants' Counsel and shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Class Counsel and Defendants' Counsel shall promptly furnish to each other any and all objections or written Requests for Exclusion that may come into their possession and shall file such objections with the Court on or before the Final Approval Hearing, unless such documents already appear on the Court's docket.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of August 20, 2020, if: (a) the proposed Settlement is not finally approved by

the Court, or the Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges; this Order or other judgment or order entered by the Court in accordance with the terms of the Settlement Agreement will be treated as vacated, *nunc pro tunc*; the Settlement Agreement and the Court's Orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of, or as evidence of, any fault, wrongdoing, breach, or liability, or by or against Settling Plaintiff or Noticed Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19. **Stay.** All proceedings in the Litigation as to the claims of Settling Plaintiff against Defendants are stayed, including Defendants' obligation to file an answer or other response to the Second Amended Complaint, except as necessary to effectuate the terms of the Settlement.

20. **Necessary Steps**. The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Settlement Agreement.

Case No. 20-cv-23223-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 7, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record